J. S69020/16

2017 PA Super 28

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
v. :
:
LAMONT CHERRY, :
:
Appellant : No. 1240 MDA 2015

Appeal from the PCRA Order June 18, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0003610-2009

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

OPINION BY DUBOW, J.: **FILED FEBRUARY 06, 2017**

Appellant, Lamont Cherry, appeals from the Order entered in the Luzerne County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we vacate and remand for further proceedings.

A jury convicted Appellant of Third-Degree Murder in the death of one-year-old Zalayia McCloe. On December 21, 2011, the trial court imposed a term of 20 to 40 years' imprisonment. Appellant filed a direct appeal raising one evidentiary issue related to police officer testimony. This Court affirmed Appellant's Judgment of Sentence on July 12, 2013. **See Commonwealth v. Cherry**, No. 245 MDA 2012 (Pa. Super. filed July 12, 2013). Appellant

---

[*] Retired Senior Judge Assigned to the Superior Court.

did not file a Petition for Allowance of Appeal with our Supreme Court. His Judgment of Sentence, therefore, did not become final until August 12, 2013.[1] *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113.

On May 28, 2014, the PCRA court appointed Jeffrey Yelen, Esquire ("Attorney Yelen") as PCRA counsel. On June 4, 2014[2], Appellant filed the instant *pro se* PCRA Petition, his first, averring, *inter alia*, that his trial counsel had been ineffective. The Commonwealth filed a Response Brief on August 11, 2014, responding to each of Appellant's claims raised in his *pro se* PCRA Petition.[3]

Attorney Yelen did not file an Amended PCRA Petition, and he did not seek to withdraw pursuant to **Turner**/**Finley**. Instead, Attorney Yelen appeared at a brief hearing on January 16, 2015, at which Appellant agreed not to present any evidence and submitted his case to the PCRA court on the basis of his *pro se* pleadings alone. On June 18, 2015, the PCRA court denied Appellant's PCRA Petition.

---

[1] August 11, 2013, was a Sunday. **See** 1 Pa.C.S. § 1908.

[2] Appellant dated his PCRA Petition May 15, 2014, which may explain the appointment of counsel before Appellant filed his *pro se* PCRA Petition as reflected in the docket entries and time stamps.

[3] The Commonwealth noted that it had "received a rather lengthy Petition and supporting documentation, and no supplemental brief from PCRA counsel clarifying the issues, and ha[d] tried its best to address the issues raised in the *pro se* [P]etition." Commonwealth's Response Brief, filed 8/11/14, at 1.

Appellant filed a timely Notice of Appeal. The PCRA court appointed Attorney Kelly to represent Appellant on appeal.[4] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On June 15, 2016, Attorney Kelly filed a **Turner**/**Finley** no-merit letter identifying seven issues:

I. Whether trial counsel was ineffective in failing to hire an investigator.

II. Whether the trial court should have recused herself.

III. Whether the Commonwealth was guilty of prosecutorial misconduct.

IV. Whether the double jeopardy clause of the Fifth Amendment should have prevented the Commonwealth from retrying the Defendant after a mistrial was declared during the first trial.

V. Whether a physician committed medical malpractice in taking the innocent victim off life support.

VI. Whether the Commonwealth was guilty of unlawfully amending the charge of Involuntary Manslaughter.

VII. Whether trial counsel was ineffective in failing to call character witnesses during the second prosecution.

**Turner**/**Finley** Letter, 6/15/16, at 1. Attorney Kelly, however, concluded that there were no non-frivolous issues to be raised on appeal. On June 15, 2016, Attorney Kelly filed with this Court a Petition to Withdraw.

---

[4] On February 17, 2016, this Court remanded the instant matter to conduct a **Grazier** hearing to determine whether Appellant wished to proceed *pro se* on appeal, with private counsel, or with appointed counsel Attorney Kelly. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Following the hearing, Attorney Kelly continued as appointed counsel.

On August 12, 2016, Cheryl Sturm, Esquire ("Attorney Sturm") filed an Application for Relief seeking to enter her appearance as privately retained counsel. On September 7, 2016, we granted Attorney Kelly's Petition to Withdraw in light of Attorney Sturm's entry of appearance as privately retained counsel and we issued an amended briefing schedule.

Appellant presents three issues for our review:

I. Whether the PCRA Petition should be remanded to the PCRA court because this was Appellant's first PCRA Petition and he was entitled by law to the assistance of competent counsel to frame in a legally intelligible fashion the issues presented in Appellant's inarticulate *pro se* first PCRA Petition?

II. Whether, on remand, recusal is necessary [to] provide the due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States arising from the appearance of bias on the part of the PCRA judge?

III. Whether trial counsel was ineffective for failing to raise double jeopardy as a bar to retrial of [Appellant]?

Appellant's Brief at 2.[5]

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014).

---

[5] On December 12, 2016, the Commonwealth filed a Brief averring that Appellant "insisted that the issue raised should be addressed solely on the parties' submissions" and that Appellant's "arguments were not handicapped by failure to advance his position in acceptable legal terms – they were simply inadequate to satisfy the PCRA's test." Appellee's Brief at 11.

Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. Pa.R.Crim.P. 904(C); **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process[ ]"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." **Commonwealth v. Powell**, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." **Id**.

When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner**/**Finley**.[6] "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." **Powell**, 787 A.2d at 1019 (citation omitted).

Our review of the certified record indicates that Appellant's appointed PCRA counsel, Jeffrey Yelen, neither filed an Amended PCRA Petition on Appellant's behalf nor certified that Appellant's claims lacked merit and

---

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

sought leave to withdraw as counsel pursuant to **Turner**/**Finley**. Appellant did not file a request with the PCRA court to proceed *pro se*, and the PCRA court did not hold a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Rather, our review of the certified record shows that Appellant uttered six one-word answers at the eight-minute PCRA hearing before agreeing to the submission of his case based only on the *pro se* filings. N.T. PCRA, 1/16/15, at 2-9. This was clearly not a **Grazier** hearing, and neither the parties nor the court was proceeding as if it were a **Grazier** hearing. We conclude, therefore, that Appellant was effectively denied his right to assistance of counsel.

Accordingly, we remand with the following instructions. The PCRA court shall determine whether Attorney Sturm will continue to represent Appellant in the PCRA court. If so, Attorney Sturm shall be permitted to file an amended PCRA Petition. **See Powell**, 787 A.2d at 1021. Alternatively, if Attorney Sturm does not wish to continue her representation of Appellant in the PCRA court, the PCRA court shall appoint PCRA counsel within 30 days. Appellant's new counsel shall be permitted to file an amended PCRA Petition or a **Turner**/**Finley** letter.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2017