J-S32035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TARIQ JAHAD YUSUF JACKSON | |
| Appellant | No. 3038 EDA 2016 |

Appeal from the PCRA Order September 1, 2016
in the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000623-2013

BEFORE: GANTMAN, P.J., STABILE, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 14, 2017**

Appellant, Tariq Jahad Yusuf Jackson, appeals from the order dismissing his first Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant claims he is entitled to relief based on a new constitutional right recognized in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). We vacate and remand with instructions.

The PCRA court summarized the following relevant facts and procedural history as follows:

> On May 31, 2013, [Appellant], entered into a negotiated plea to robbery as a felony 1. The negotiated plea included a sentence bargain of [five] to [ten] years which represented the statutory mandatory minimum sentence invoked by the District Attorney, as [Appellant] acknowledged that he displayed a sawed off shotgun at the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

time that he perpetrated his robbery of a convenience store. As a result of the guilty plea, other related charges were withdrawn. We imposed the sentence pursuant to the negotiated bargain at the time of the entry of the guilty plea on May 31, 2013. [The United States Supreme Court decided *Alleyne* on June 13, 2013, thirteen days after Appellant was sentenced.] No appeal was filed. Therefore the conviction became a final conviction [thirty] days thereafter, June 30, 2013.[2]

PCRA Ct. Op., 9/1/16 at 1.

On August 31, 2015, Appellant, acting *pro se*, filed the instant PCRA petition, his first, alleging that his mandatory sentence was illegal pursuant to *Alleyne*. The PCRA court appointed PCRA counsel on September 10, 2015. In October 2015, Appellant wrote a letter to PCRA counsel requesting that he file an amended PCRA petition on his behalf and suggesting arguments he would like to be included in his petition. (Letter filed 10/30/15). PCRA counsel never filed an amended petition. PCRA counsel did notify the PCRA court and Appellant, in a letter dated July 21, 2016, that he believed that Appellant's claim lacked merit in light of *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016), which held "that *Alleyne* does not apply retroactively to cases pending on collateral review[.]"

---

[2] We note that June 30, 2013 was a Sunday. Therefore, Appellant's judgment of sentence became final on July 1, 2013, because Appellant had until the next business day to file a timely appeal. *See* 1 Pa.C.S. § 1908.

On August 2, 2016, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. PCRA counsel indicated, in a letter dated August 11, 2016, that he did not intend to pursue Appellant's appeal any further, yet he did not seek leave to withdraw under **Turner**/**Finley**.[3]  As a result, Appellant filed a *pro se* response to the PCRA court's Rule 907 notice wherein he alleged that PCRA counsel was ineffective for failing to assert prior counsel's ineffectiveness for not filing a direct appeal.  In his response, Appellant also cited PCRA counsel's failure to file an amended PCRA petition or a **Turner**/**Finley** letter brief.  On September 1, 2016, via an order and opinion, the PCRA court denied Appellant's petition as untimely.

Appellant, again acting *pro se*, timely appealed from this order and submitted a court-ordered Pa.R.A.P. 1925(b) statement of matters complained of on appeal wherein he requested, *inter alia*, the appointment of new PCRA counsel.  The court issued a Pa.R.A.P. 1925(a) response, referencing its September 1, 2016 opinion.  PCRA counsel filed an appellate brief in this Court.[4]

In this appeal, Appellant raises one issue:

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] During the pendency of this appeal, PCRA counsel also filed a motion requesting the appointment of new PCRA counsel in light of Appellant's claim that PCRA counsel was ineffective.  This Court denied the motion, via *per curiam* order, on November 21 2016.

> Whether [Appellant] was sentenced to an illegal mandatory sentence related to possession of a firearm pursuant to title 42 Pa.C.S.A. § 9712(a) where no direct appeal was timely filed by plea counsel?

Appellant's Brief at 3 (citations and some capitalization omitted).

Preliminarily, we must consider whether Appellant had the benefit of meaningful counsel during the pendency of his first PCRA petition. *See Commonwealth v. Smith*, 121 A.3d 1049, 1053 (Pa. Super. 2015) (citation omitted), *appeal denied,* 136 A.3d 981 (Pa. 2016); Pa.R.Crim.P. 904(C). A general rule-based right to initial PCRA counsel is provided under Pennsylvania law:

> While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by the way of procedural rule, provides for the appointment of counsel during a petitioner's first petition for post conviction relief.

*Smith*, 121 A.3d at 1053 (citation omitted).

Even if a PCRA petition is patently untimely, the right to a counseled first PCRA petition remains. *See Commonwealth v. Smith*, 818 A.2d 494, 500-01 (Pa. 2003) ("[A]n indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply."). Further, once appointed, counsel must take certain affirmative steps:

> When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the

- 4 -

> claims lack merit by complying with the mandates of **Turner**/**Finley**. "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled."

**Commonwealth v. Cherry**, 155 A.3d 1080, 1083 (Pa. Super. 2017) (citation omitted).

Our review of the certified record reveals that Appellant specifically requested that PCRA counsel file an amended PCRA petition on his behalf or **Turner**/**Finley**, and ultimately requested the appointment of new counsel once PCRA counsel indicated that he did not intend to pursue Appellant's matter any further. In addition, PCRA counsel never sought to properly withdrawal pursuant to the dictates of **Turner**/**Finley**. Accordingly, we conclude that Appellant did not receive the benefit of counsel, as contemplated under Pa.R.Crim.P. 904(C), during the pendency of his initial PCRA petition. **See Smith**, 121 A.3d 1049, 1053; **Cherry**, 155 A.3d at 1083. Therefore, we vacate the order denying PCRA relief and remand to the PCRA court to determine whether current PCRA counsel will continue to represent Appellant by either filing an amended PCRA petition or a **Turner**/**Finley** letter brief, or whether a new PCRA counsel should be appointed.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017