J-S78003-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| NATHAN HOWARD | : : | No. 1928 WDA 2016 |
| Appellant | | |

Appeal from the PCRA Order November 29, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001876-2014

BEFORE:   OLSON, DUBOW and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    FILED FEBRUARY 20, 2018

Appellant, Nathan Howard, appeals pro se from the November 29, 2016 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand for further proceedings consistent with this memorandum.

As our disposition relies on the procedural posture of this case, we decline to set forth the factual background.  On August 8, 2014, the Commonwealth charged Appellant via criminal information with drug delivery resulting in death,[1] possession of a controlled substance by an inmate,[2] and

---

[1] 18 Pa.C.S.A. § 2506(a).

[2] 18 Pa.C.S.A. § 5123(a.2).

* Retired Judge assigned to the Superior Court

three counts of possession of contraband by an inmate.[3]  On May 21, 2015, Appellant was convicted of all five offenses.  On July 21, 2015, the trial court sentenced Appellant to an aggregate term of 16½ to 42 years' imprisonment. Appellant filed a direct appeal that this Court quashed as untimely.  See Commonwealth v. Howard, 1378 WDA 2015 (Pa. Super. Nov. 6, 2015) (per curiam).

On May 31, 2016, Appellant filed a pro se PCRA petition.  Counsel was appointed.  Instead of filing an amended petition, or a petition to withdraw as counsel and a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc), PCRA counsel filed a "supplement" to the petition. That supplement summarized Appellant's arguments, incorporated by reference his pro se petition, and stated that her review of the record indicated no other issues of merit were present.  On October 18, 2016, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing.  See Pa.R.Crim.P. 907.

On November 3, 2016, Appellant filed a pro se objection to the dismissal notice.  The PCRA court properly forwarded a copy of the objection to PCRA counsel.  See Pa.R.Crim.P. 576.  PCRA counsel then re-filed Appellant's objection to the Rule 907 notice.  The objection included a claim that PCRA

---

[3] 18 Pa.C.S.A. § 5123(a).

counsel was ineffective for failing to file an amended petition or a Turner/Finley letter. On November 29, 2016, the PCRA court dismissed the petition. This timely appeal followed.[4]

Although Appellant proceeded pro se before this Court, PCRA counsel remained attached to the case. Accordingly, this Court ordered the PCRA court to conduct a hearing pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998) to ascertain whether Appellant knowingly and intelligently waived his right to counsel on appeal. On February 13, 2017, at the conclusion of the Grazier hearing, the PCRA court granted PCRA counsel leave to withdraw and found that Appellant knowingly and intelligently wished to proceed pro se with this appeal.[5] This case is now ripe for disposition.

Appellant presents 11 issues for our review, inter alia:

> Whether [] PCRA counsel meaningfully participated in the adjudication of Appellant's first PCRA petition where Appellant was entitled to [the filing of an] amended PCRA petition?

Appellant's Brief at 5 (complete capitalization omitted).

Appellant argues that PCRA counsel was ineffective for failing to file an amended petition or a Turner/Finley letter. "While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral

---

[4] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. See Pa.R.A.P. 1925(b).

[5] The Grazier proceeding only clarified Appellant's intentions going forward. It did not address his contention that PCRA counsel provided ineffective assistance before the PCRA court.

- 3 -

review, this Commonwealth, by the way of procedural rule, provides for the appointment of counsel during a petitioner's first [PCRA petition]." Commonwealth v. Smith, 121 A.3d 1049, 1053 (Pa. Super. 2015), appeal denied, 136 A.3d 981 (Pa. 2016) (citation omitted).

Appointed PCRA counsel's "duty is to either (1) amend the petitioner's pro se [p]etition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of Turner/Finley." Commonwealth v. Cherry, 155 A.3d 1080, 1083 (Pa. Super. 2017) (citation omitted). When appointed PCRA counsel fails to file an amended petition or a Turner/Finley letter, a petitioner has been denied the effective assistance of PCRA counsel. See id.

The Commonwealth argues that Appellant was required to plead PCRA counsel's ineffectiveness in his PCRA petition. This, of course, was impossible as Appellant filed his petition prior to the appointment of PCRA counsel. The cases the Commonwealth relies upon deal with subsequent PCRA petitions alleging PCRA counsel's ineffectiveness. In this case, Appellant properly raised PCRA counsel's ineffectiveness in his objection to the Rule 907 notice and on appeal. This was the procedurally correct mechanism for raising the claim. Cherry makes clear that, upon a finding that PCRA counsel was ineffective, we must vacate the order dismissing the petition and remand for further proceedings.

As noted above, in this case PCRA counsel failed to file an amended petition or a Turner/Finley letter. Appellant raised this defect in his response to the PCRA court's Rule 907 notice and properly presented the claim to this Court. Accordingly, we conclude that Appellant was denied the effective assistance of PCRA counsel. We vacate the order dismissing the petition and remand to the PCRA court with instructions to appoint new PCRA counsel who shall file an amended petition or a Turner/Finley letter. As we conclude Appellant is entitled to appointment of new counsel to pursue his timely PCRA petition, we need not address his remaining claims of error.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2018