J-S30024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE WILLIAMS | |
| Appellant | No. 1641 WDA 2017 |

Appeal from the PCRA Order entered October 6, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0008470-2009

BEFORE:  BENDER, P.J.E., STABILE, J. AND STRASSBURGER,[*] J.

JUDGMENT ORDER BY STABILE, J.:                    **FILED JUNE 22, 2018**

Appellant, Lawrence Williams, appeals from an order dismissing his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing.  We vacate the order of dismissal and remand for further proceedings.

On October 26, 2010, Appellant pleaded guilty to one count each of person not to possess a firearm, carrying a firearm without a license, receiving stolen property, escape, possession of a controlled substance (heroin) and possession of drug paraphernalia.[1]  The trial court sentenced Appellant to an aggregate term of 3½-10 years' imprisonment.  Appellant did not file post-sentence motions or a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa. C.S. §§ 6105(a)(1), 6106(a)(1), 3925(a), 5121(a), and 35 P.S. § 780-113(a)(16) and (a)(32), respectively.

On January 24, 2017, Williams filed a *pro se* PCRA petition alleging his trial counsel's ineffectiveness with regard to his guilty plea. The certified record does not contain the PCRA court's notice of intent to dismiss Williams' petition without a hearing pursuant to Pa.R.Crim.P. 907. Nevertheless, it appears that the PCRA court filed a Rule 907 notice, because Williams' brief includes a copy of a Rule 907 notice time-stamped March 2, 2017. On March 30, 2017, Williams filed a *pro se* document entitled "Supplement and Answer to Notice of Intent to Dismiss" which appears to be a response to the Rule 907 notice. On May 8, 2017, one month after Appellant's response, the PCRA court appointed Suzanne M. Swan, Esquire, to represent Appellant in further proceedings.

These facts demonstrate that the PCRA court erred by issuing a Rule 907 notice without first appointing counsel for Williams. This was Williams' first PCRA petition, so he was entitled to counsel throughout these PCRA proceedings. ***Commonwealth v. Cherry***, 155 A.3d 1080, 1082-83 (Pa. Super. 2017); Pa.R.Crim.P. 904(C). To its credit, the Commonwealth recognizes this error by requesting that this Court remand this matter to ensure that Williams receives the benefit of counsel. Commonwealth's Brief at 7-8.

Accordingly, we vacate the order of dismissal and remand the case to the PCRA court with instructions to give attorney Swan the opportunity to either "(1) amend the petitioner's *pro se* [p]etition and present the petitioner's

claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner/Finley**."[2] **Cherry**, 155 A.3d at 1083.

Order vacated. Case remanded for further proceedings in accordance with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2018

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

- 3 -