J-S32033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH JEROME JOHNSON | : | |
| | : | |
| Appellant | : | No. 1509 MDA 2017 |

Appeal from the PCRA Order August 29, 2017
in the Court of Common Pleas of Lycoming County
Criminal Division at No.:  CP-41-CR-0000798-2013

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JULY 25, 2018**

Appellant, Kenneth Jerome Johnson, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We vacate and remand.

We take the following relevant facts and procedural background from our independent review of the record.  On January 28, 2014, a jury convicted Appellant of rape of an unconscious person, sexual assault, and indecent assault.  The charges related to his rape of the victim when she lay unconscious after they had been out drinking.  On June 19, 2014, the court sentenced Appellant to an aggregate term of not less than eighty-one nor more than 168 months' incarceration, followed by three years of probation.  Appellant timely appealed.

_____

* Retired Senior Judge assigned to the Superior Court.

The Superior Court affirmed the judgment of sentence on April 8, 2015. (**See Commonwealth v. Johnson**, 121 A.3d 1124 (Pa. Super. 2015) (unpublished memorandum)).  Appellant did not seek permission to appeal to our Supreme Court.

On December 9, 2016, Appellant filed a *Pro Se* Brief in Support of PCRA *Nunc Pro Tunc*, which the court properly treated as a first PCRA petition.  The PCRA court appointed counsel and ordered her to file an amended petition or a **Turner**/**Finley**[1] letter by March 9, 2017.  On January 3, 2017, after a conflict was recognized, the court appointed conflict counsel, Julian Allatt, Esquire.  He did not file an amended petition on Appellant's behalf or a **Turner**/**Finley** letter.

On July 18, 2017, the court filed notice of its intent to dismiss the *pro se* petition without a hearing.  **See** Pa.R.Crim.P. 907(1).  On August 10, 2017, Appellant responded to the notice *pro se*, acknowledging the prohibition on hybrid representation, but claiming that his efforts to contact Attorney Allatt had been unsuccessful.  (**See** Opposition to Opinion and Order, 8/10/17, at unnumbered page 7, correspondence to PCRA court).  The court dismissed

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's PCRA petition on August 29, 2017.  Appellant timely appealed *pro se*.[2]

"We review the denial of a PCRA [p]etition to determine whether the record supports the PCRA court's findings and whether its [o]rder is otherwise free of legal error."  ***Commonwealth v. Cherry***, 155 A.3d 1080, 1082 (Pa. Super. 2017) (citation omitted).

> Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition.  [***See***] Pa.R.Crim.P. 904(C).  The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first.  Moreover, once counsel is appointed, he . . . **must take affirmative steps** to discharge his . . . duties.
>
> When appointed, **counsel's duty** is to **either (1) amend the petitioner's *pro se* [p]etition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of *Turner/Finley*.  If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled.**

***Id.*** at 1082-83 (case citations, quotation marks, and footnote omitted; emphases added).  "Under such circumstances, we generally remand for appointment of counsel to file either a proper amended PCRA petition or a proper [***Turner***/]***Finley*** letter."  ***Commonwealth v. Priovolos***, 746 A.2d

---

[2] On November 9, 2017, Appellant filed a timely counseled, court-ordered statement of errors complained of on appeal.  ***See*** Pa.R.A.P. 1925(b).  The court filed an opinion on November 16, 2017, in which it relied on the reasons stated in its July 18, 2017 notice.  ***See*** Pa.R.A.P. 1925(a).

621, 624 (Pa. Super. 2000), *appeal denied*, 758 A.2d 1198 (Pa. 2000) (citations omitted).

In this case, the PCRA court properly appointed counsel for Appellant's first PCRA petition. However, counsel failed either to file an amended PCRA petition or certify that Appellant's claims lacked merit and seek to withdraw pursuant to **Turner**/**Finley**.

Therefore, we conclude that Attorney Allatt abandoned Appellant in the PCRA court, and that his appointment was analogous to appointing no counsel at all.[3] **See Commonwealth v. Albrecht**, 720 A.2d 693, 699-700 (Pa. 1998) ("It is axiomatic that the right to counsel includes the concomitant right to effective assistance of counsel. Indeed **the right to counsel is meaningless if effective assistance is not guaranteed**.") (citation omitted; emphasis added). Hence, we are constrained to vacate the PCRA court's order dismissing Appellant's PCRA petition. We direct the court to appoint new PCRA counsel "to file either a proper amended PCRA petition or a proper

---

[3] Although Appellant's brief asserts that, on April 17, 2017, the PCRA court held "an off the record conference" with the assistant district attorney and Attorney Allatt regarding Appellant's PCRA petition, because there is no transcript of this proceeding, we are unable to confirm this. (Appellant's Brief, at 12); **see Commonwealth v. Johnson**, 33 A.3d 122, 126 n.6 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) ("[F]or purposes of appellate review, what is not of record does not exist.") (citation omitted).

[*Turner*/]*Finley* letter."[4]  *Priovolos*, *supra* at 624 (citations omitted); *see also Cherry*, *supra* at 1082-83.[5]

      Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/25/2018

---

[4] For sake of completeness, we note that counsel's lethargy continued in this Court.  On December 4, 2017, we ordered that Appellant's brief was due on January 16, 2018.  After granting his requested ninety-day extension, counsel filed the brief late.  It raises two issues.  However, after only two pages of argument on the first issue, counsel addresses the second issue by incorporating "the argument authored by Appellant."  (Appellant's Brief, at 17).

[5] Because of our disposition, we make no judgment on the merits of Appellant's claims on appeal, without prejudice to his re-raising them.