J-S60010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WARREN GERBER | : | |
| | : | |
| Appellant | : | No. 424 MDA 2018 |

Appeal from the PCRA Order January 30, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0005110-2006

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                       **FILED OCTOBER 24, 2018**

Appellant, Warren Gerber, appeals *pro se* from an order entered on January 30, 2018, denying his motion to amend a previously filed Post Conviction Relief Act ("PCRA")[1] petition.  After review, we affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> This matter comes before the [c]ourt pursuant to Appellant's appeal from this [c]ourt's dismissal of Appellant's motion for leave to amend a 2009 PCRA petition. By way of a quick review, the Appellant filed a PCRA in 2009 and a second PCRA in 2010 while the first was pending. In February 2014, the PCRA matter was dismissed upon motion of Appellant's court appointed counsel. In March of 2017, Appellant attempted to amend the 2009 PCRA that was denied by the [c]ourt [on January 30,] 2018. Appellant filed a Notice of Appeal on February 23, 2018, which gives rise to the instant opinion.

---

[1] 42 Pa.C.S. §§ 9541-9546.

---

*   Retired Senior Judge assigned to the Superior Court.

The procedural history regarding this matter is somewhat detailed.

Initially, on May 3, 2007, the case was assigned to the former Judge Michael T. Toole for adjudication.[1] Appellant plead guilty to Theft by Unlawful Taking or Disposition, 18 Pa. C.S.A. §3921 (a), (F3), forty-one (41) counts; Receiving Stolen Property, 18 Pa. C.S.A. §3925 (a), (F3), six (6) counts; Burglary, 18 Pa. C.S.A. §3502, (F2), two (2) counts; and Criminal Conspiracy to commit §3925 Receiving Stolen Property, 18 Pa. C.S.A. §903 (a)(1)(2), (F3), (1) count. On April 14, 2008, former Judge Michael Toole sentenced the Appellant.

[1] Former Judge Michael T. Toole served as a Judge for the Luzerne County Court of Common Pleas from January 2004 until his resignation in December 2009.

On April 23, 2008, Appellant filed a post-sentence motion and on May 1, 2008, Appellant's post-sentence motion was granted and Appellant's prior sentence was vacated and he was resentenced as follows:

Count 1: 24 months to 48 months at a State Correctional Institute;

Counts 2-41: 24-48 months concurrent to Count 1;

Count 42: 24 months to 48 months consecutive to Count 1;

Count 43[-46]: []24 months to 48 months concurrent to Count 2;

Count 47: 24 months to 48 months consecutive to Count 42 and 1;

Count 48: 24 months to 48 months consecutive to 47, 42 and 1; and

Count 49: 24 months to 48 months consecutive to Count 48, 47, 42 and 1

The [c]ourt further ordered all sentences to run consecutive to Criminal Information 2006-2537 and 2006-2538 for a total aggregate sentence of 10-20 years.

On May 14, 2009, Appellant filed a *pro se* PCRA Petition that was assigned to former Judge Michael Toole. While Appellant's first PCRA was pending, Judge Michael Toole resigned in December 2009. Thereafter, on September 16, 2010, Appellant filed a second PCRA Petition that was assigned to, Judge Joseph Van Jura for adjudication.[2] Judge Van Jura appointed Jeffrey A. Yelen, Esquire as conflict PCRA counsel. A hearing was scheduled for October 25, 2010. Thereafter the court issued an order on May 20, 2011, allowing for supplements to the pending PCRA matters and allowed [Appellant] to request an evidentiary hearing by June 20, 2011. On July 18, 2011, Judge Van Jura issued another order wherein he again allotted time for supplements to the PCRA petition and allowed [Appellant] to request an evidentiary hearing by August 31, 2011. Judge Van Jura's appointment to the bench expired on December 31, 2012.

[2] Judge Joseph J. Van Jura, retired, was confirmed by the Pennsylvania State Senate to serve as a Court of Common Pleas Judge in Luzerne County on March 16, 2010 and his term expired on January 2, 2012.

Ultimately, the pending PCRA matters were reassigned to this [c]ourt. Neither the 2009 or the 2010 PCRA petitions were adjudicated at that time.[3] In order to quickly schedule and move the long outstanding matter forward, the [c]ourt re-appointed Jeffrey A. Yelen, Esquire to handle the pending PCRA matters on February 6, 2014. It should be noted that Attorney Yelen was originally appointed by Judge Van Jura in 2010.

[3] The Appellant filed several matters in federal court including a pro se Petition for Habeas Corpus on or about May 4, 2012.

Thereafter, on February 19, 2014, Appellant filed a motion to withdraw the PCRA matters. Thereafter, on February 26, 2014, an Order was signed and filed, based upon the motion of Appellant, granting the Motion to Withdraw noting the pending matters were dismissed without prejudice. The court was unaware

of any objections by [Appellant] to the motion to withdraw at the time the order was signed. In that same order, Attorney Yelen was permitted to withdraw as counsel.

In review, the pending PCRA matters were adjudicated and dismissed as of February 26, 2014. The Appellant did not appeal the withdrawal or file a PCRA petition as to his assigned counsel and complaints of ineffectiveness. Rather, he filed a series of documents and letters. The [t]rial [c]ourt did receive *Petitioner's Supplemental Objections to Counsel's Motion to Withdraw PCRA Submission* that was filed on July 22, 2014. This document was filed almost five (5) months after the Order dismissing the pending PCRA issues was filed. The docket went silent until March of 2017.

On March 13, 2017, Appellant filed a Motion for Leave to Amend PCRA, *pro se*, that included Appellant's supplement/amendment to the PCRA Petition. In this petition, the Appellant was attempting to amend and supplement the first PCRA Petition that he filed on May 14, 2009.

On April 18, 2017, Paul Galante, Esquire was appointed as counsel for Appellant and a hearing date was scheduled regarding the filing. After several continuances were granted on behalf of the Appellant, a hearing was held on January 30, 2018. At that time, the Commonwealth argued that the request to amend the petition was moot in that there were no matters pending before the court. The Commonwealth maintained that [Appellant] could not supplement a PCRA that was dismissed previously.

The [c]ourt reviewed the record and found that Appellant's PCRA matters were denied and dismissed on February 26, 2014, therefore, a PCRA Petition was not currently pending before the [c]ourt. At the hearing on January 30, 2018, [Appellant] stated that he knew his 2010 PCRA was untimely and that he should never have been appointed a lawyer. (N.T. 1/30/2018 p. 43). The [c]ourt then pointed out that the Order appointing Attorney Yelen in February 2014 appointed him as PCRA counsel and [did not] specifically state it was for the 2010 PCRA only. The appointment was as PCRA counsel.

Further, at the time of the hearing and after review of the status of this matter, Appellant was told that if a warranted motion was filed, the [c]ourt would entertain the motion at that time regarding the PCRA matters.

At that time, [o]n January 30, 2018, Appellant also argued that he no longer wanted [c]ourt appointed counsel and that he wanted to pursue his legal matters *pro se*. Based upon the request of the Appellant, a *Grazier*[2] hearing was held and after an extensive colloquy of record, Appellant's counsel was allowed to withdraw from the case in order for Appellant to represent himself.

Thereafter, on February 23, 2018, Appellant filed a Notice of Appeal. On March 1, 2018, an order was entered by the [c]ourt directing that Appellant file a Concise Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. § 1925(b). On March 19, 2017, Appellant filed a Concise Statement of Matters Complained on Appeal.

PCRA Court Opinion, 5/16/18, at 1-5.

On May 5, 2018, this Court issued a Rule to Show Cause why this appeal should not be dismissed as untimely filed. Appellant filed a response, and the rule was discharged on May 30, 2018. As noted above, the order denying Appellant's motion was filed on January 30, 2018. Accordingly, Appellant had thirty days in which to file a timely appeal. Pa.R.A.P. 903(a). Appellant's notice of appeal was docketed in the PCRA court on March 5, 2018, which makes it facially untimely. However, the record reveals that Appellant's notice of appeal was dated February 23, 2018.[3] Pursuant to the prisoner mailbox rule, a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. ***Commonwealth v. Jordan***, 182 A.3d 1046,

_____

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[3] February 23, 2018, is the date that the PCRA court deemed Appellant's notice of appeal filed. PCRA Court Opinion, 5/16/18, at 1 and 5.

1048 n.3 (Pa. Super. 2018). Thus, Appellant's notice of appeal was timely if it was delivered to prison authorities on February 23, 2018, the date that is on the document, and the date that was accepted by the PCRA court. Moreover, in Appellant's response to our Rule to Show Cause, he appended a mail receipt that revealed the appeal was postmarked February 26, 2018, and received by the Luzerne County Clerk of Courts on March 1, 2018. Additionally, the PCRA court stated in its March 1, 2018 order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), that it had received Appellant's notice of appeal, *i.e.*, it was filed on or before March 1, 2018. We are satisfied that Appellant filed his notice of appeal, at the latest, on February 26, 2018, as reflected by the postmark.[4] Accordingly, Appellant's notice of appeal was timely.

On appeal, Appellant raises the following issues:

I. Whether Appellant's supplemental PCRA petition should be remanded to the PCRA court, and his PCRA rights restored, because the current PCRA was an amendment to his first petition which was lost and improperly dismissed by the PCRA court, when Appellant was entitled to the assistance of competent counsel to frame, in a legally intelligible fashion, the issues presented in his pro se first PCRA petition and supplement thereto? To wit:

a. Where counsel was ineffective per se, when Attorney Jeffery Yelen abandoned Appellant's PCRA since 2010, was then reappointed by the PCRA court in 2014 to represent the same PCRA he had previously

_____

[4] Even if the notice of appeal was not filed until March 1, 2018, the same day that the PCRA court issued its Pa.R.A.P. 1925(b) order, the appeal was timely.

abandoned, and was then further permitted by the PCRA court to withdraw the Appellant's PCRA petition over Appellant's objections?

b. Where the PCRA court failed to respond to Appellant's objections to Attorney Yelen's withdrawal of his PCRA petition, failed to inform Appellant of his right to appeal the 2014 Order dismissing his PCRA pursuant to Pa.R.Crim.P. 907(4), and failed to appoint counsel to execute an appeal from the 2014 Order pursuant to Pa.R.Crim.P. 904(F)(2), when Appellant requested, and was entitled to counsel?

c. Where recent PCRA counsel, Paul A. Galante, left Appellant effectively un-counseled, when he failed to supplement Appellant's PCRA to include the collective prejudice caused by the abandonment, then reappointment of initial PCRA counsel in conflict of Appellant's interests, and the complete breakdown in due process by the PCRA court, requiring Appellant's PCRA rights, if lost, to be restored nunc pro tunc, thereby establishing jurisdiction of the PCRA court to entertain Appellant's petition?

2. Whether, on remand, recusal is necessary to assure that due process of law, as guaranteed-by-the-Fourteenth Amendment to the constitution of-the United States arising from the appearance of bias on the part of the PCRA judge's decisions to, and frequency of, absolving appointed 'PCRA counsel of their obligation to take affirmative steps to competently discharge their duties pursuant to established PCRA rules and decisional laws? To wit:

a. Where the court reappointed Attorney Yelen in 2014 when the record indicated counsel had previously abandoned Appellant's PCRA since 2010, and failed to meaningfully participate, and/or amend Appellant's PCRA petition in violation of the representation requirement, and further permitted counsel to withdraw his petition "without prejudice," ignoring Appellant's objections, when prejudice was inherent by the PCRA's (1) year timeliness requirement, thereby, forever barring Appellant from filing a future petition?

b. Where the court failed to advise Appellant of his right to appeal from the 2014 Order dismissing his PCRA petition pursuant to Pa.R.Crim.P. 907(4), and failed to appoint counsel to execute an appeal from the 2014 Order pursuant to Pa.R.Crim.P. 904(F)(2), when Appellant requested, and was entitled to counsel throughout the appeal process?

c. Where the court clarified its 2014 Order dismissing Appellant's PCRA, to mean that it dismissed both Appellant's (lost) 2009 and 2010 petitions, when the Order was ambiguous, the record indicated Appellant's PCRA rights were violated for over (8) years, and the Commonwealth interpreted the Order to mean the 2009 petition "has never been"[1] ruled on, thereby, providing the court with the opportunity to protect Appellant's PCRA rights, and interpret the Order in a manner establishing jurisdiction to entertain his supplemental PCRA, without further delay, and cost of appellate court intervention?

> [1] *See* Record, Doc. 30, exhibit A, 3/13/2017 PCRA Supplement, Appendix 3, Commonwealth's federal response, pg.6, "Technically, the motion was never decided because Gerber elected to file another Motion for PCCR in 2010 (and that motion was clearly untimely). The February 24, 2014 Order of the Luzerne County Court of Common Pleas does not impact the analysis of the statute of limitations issue. The court simply dismissed the 2010 Motion for PCCR as requested by Attorney Yelen. There has never been a ruling that the 2009 motion was improperly filed."

d. Where the court ordered, but never enforced, recent PCRA counsel, Attorney Galante, to supplement Appellant's PCRA petition, where the issues of breakdown in the process of the court, and jurisdiction to entertain the PCRA petition could have been properly raised?

e. Where the circumstances of this case are eerily similar to that of *Commonwealth v. Cherry*, 155 A.3d 1080 (Pa. Super. 2017), where this court again appointed Attorney Yelen who failed and refused to represent his PCRA client competently, and on the basis of stare decisis, where the court is shirking its duties and refusing to comport to precedent?

Appellant's Brief at 4-6.

Before we endeavor to address the merits of the issues that Appellant purports to raise on appeal, we reiterate that the order on appeal is not an order denying a PCRA petition; it is an "appeal [from] an order of court that simply denied [Appellant's] request to supplement a 2009 PCRA Petition in March of 2017." PCRA Court Opinion, 5/16/18, at 6.

As noted above, the PCRA court concluded that Appellant filed a timely PCRA petition in 2009, and it was assigned to Judge Michael Toole, who resigned from the bench in December of 2009. Although the 2009 PCRA petition was docketed, the petition was never included in the record. However, on September 16, 2010, Appellant filed a second PCRA petition. That petition was assigned to Judge Van Jura, who appointed Attorney Jeffrey Yelen. Judge Van Jura's appointment expired on December 31, 2012, and this matter was reassigned to the Honorable Tina Polachek Gartley, the current PCRA court judge. After this case languished for over two years, the PCRA court reappointed Attorney Yelen to represent Appellant on the pending PCRA matters on February 6, 2014.

On February 19, 2014, Attorney Yelen filed a motion asserting that after consulting with Appellant, Appellant decided not to pursue any PCRA matters and asked to withdraw the PCRA petition. On February 26, 2014, the PCRA court granted Appellant's motion to withdraw the petition and permitted counsel to withdraw.

Five months later, on July 22, 2014, Appellant filed *pro se* objections to counsel's motion to withdraw his PCRA petition. Once again, the case went dormant, and for nearly three years, nothing was filed in the PCRA court.[5]

On March 13, 2017, Appellant filed a *pro se* motion for leave to amend his PCRA petition. In this motion, Appellant sought to amend his 2009 PCRA petition.

In an abundance of caution, the PCRA court appointed Attorney Paul Galante to represent Appellant in litigating the motion to amend his 2009 PCRA petition on April 19, 2017. Between the April 19, 2017 appointment, and the January 30, 2018 hearing, Attorney Galante did not file any additional pleadings or seek to file a supplemental or amended PCRA petition. Accordingly, the PCRA court ruled as follows: "At this hearing – [the c]ourt

---

[5] We note that in this intervening period, Appellant pursued *habeas corpus* relief in the federal courts. On February 23, 2017, the Honorable Jon E. Jones, III, ordered, after proceedings in the United States District Court for the Third Circuit, Count 38 in the underlying criminal information in the Luzerne County Court of Common Pleas was to be vacated. As noted above, the sentence at Count 38 ran concurrently with Count 1, and therefore, Judge Jones's order did not impact Appellant's aggregated sentence. Moreover, the district court's ruling had no effect on the PCRA proceedings.

finds that nothing is pending before the court. If [Appellant] files a warranted motion, the [c]ourt will entertain said motion." Order, 1/30/18.

After review, we agree with the PCRA court that there was no substantive issue upon which the court could have ruled. As noted, Appellant filed a timely PCRA petition in 2009, which appears to have been lost, and therefore, there was no ruling on that petition. However, Appellant filed a subsequent PCRA petition on September 16, 2010, and the PCRA court appointed counsel. At that juncture, and facing a finding of waiver,[6] Appellant and his counsel had the opportunity to raise any issues for the PCRA court's consideration, including the PCRA court's failure to rule on the 2009 petition and failure to appoint counsel for that first petition.[7]

---

[6] ***See*** 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

[7] We agree with the Commonwealth's argument on this point:

> The misplacement of the timely-filed 2009 petition is certainly unfortunate and lamentable and the Commonwealth does not make light of that circumstance at all. However, 15 months later, [Appellant] was afforded counsel who, if [Appellant] had wished, could have pursued a quest for PCRA relief, possibly relying upon the governmental interference exception to the PCRA time-bar to argue that the PCRA court had jurisdiction to consider [Appellant's] claims. However, although disputed by [Appellant] after the fact, counsel withdrew that petition at [Appellant's] direction.

Commonwealth's Brief at 18-19.

It is true that PCRA courts are vested with the discretion to permit amendments to a **pending**, timely-filed PCRA petition. ***Commonwealth v. Flanagan***, 854 A.2d 489, 499-500 (Pa. 2004). However, when Appellant filed his 2017 motion to amend, his 2009 PCRA petition was not pending. As noted, Appellant's 2009 PCRA petition was docketed but never entered in the record. In 2010, Appellant filed a second PCRA petition, counsel was appointed, and Appellant had the opportunity to raise any issues cognizable under the PCRA. However, Appellant moved to withdraw not only his 2010 petition, but also affirmatively stated that he "**did not want to pursue any possible PCRA issues**." Motion to Withdraw PCRA Petition, 2/19/14, at ¶3 (emphasis added). After the motion was granted, there were no PCRA petitions or PCRA matters "pending." Moreover, we note that Appellant did not file an appeal from the order granting his motion to withdraw his PCRA petition and did not pursue PCRA relief challenging counsel's motion to withdraw and forgo PCRA relief.

Accordingly, we affirm the PCRA court's order denying Appellant's motion to amend his PCRA petition, and we do not reach the merits of the issues raised by Appellant on appeal. These issues were never raised before or decided by the PCRA court as there was nothing pending at the time of the January 30, 2018 hearing.

Order affirmed.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2018