J-S36018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MARQUISE HILL | : | |
| Appellant | : | No. 2003 MDA 2018 |

Appeal from the Order Entered October 25, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000751-2014

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

JUDGMENT ORDER BY SHOGAN, J.                    **FILED JUNE 24, 2019**

Appellant, Marquise Hill, appeals from an order entered on October 25, 2018, that denied, in part, and granted, in part, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We remand with instructions.

On December 10, 2014, following a jury trial, Appellant was sentenced to an aggregate term of twenty-five years to fifty years. Appellant filed a timely appeal, and this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Hill*, 141 A.3d 582, 132 MDA 2015 (Pa. Super. filed February 1, 2016) (unpublished memorandum). On October 26, 2016, Appellant filed a timely PCRA petition. On December 9, 2016, the PCRA court held a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). The PCRA court permitted Appellant to represent himself and

---

\* Retired Senior Judge assigned to the Superior Court.

appointed Kurt Lynott, Esquire, as stand-by counsel. Order, 12/9/16. During Appellant's PCRA hearing Appellant requested stand-by counsel represent him for the rest of the "case." N.T., 5/29/18, at 41-42. The PCRA court warned Appellant that if stand-by counsel resumed representation, Appellant would no longer be representing himself, and Appellant agreed. *Id.* at 43. On October 25, 2018, the PCRA court granted Appellant's PCRA petition in part, and denied it in part. Order, 10/25/18.

Despite Attorney Lynott remaining counsel of record, Appellant filed a *pro se* appeal, and the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant complied, and the PCRA court filed a Pa.R.A.P. 1925(a) opinion on January 15, 2019.

On April 3, 2019, Appellant filed a *pro se* application in this Court for permission to file a reduced number of copies of his brief and reproduced record on appeal. This Court granted Appellant's application on April 17, 2019. On May 9, 2019, Appellant filed his briefs and reproduced records *pro se*.

On June 14, 2019, Appellant filed a *pro se* motion to proceed *in forma pauperis* ("IFP"). We note that Attorney Lynott has not been granted leave to withdraw and remains counsel of record in this PCRA appeal. *See* *Commonwealth v. Cherry*, 155 A.3d 1080, 1082-1083 (Pa. Super. 2017) (criminal defendants have a right pursuant to Pa.R.Crim.P. 904(C) to the assistance of counsel for their first PCRA petition through the entire appellate

process, and once counsel is appointed, he must take affirmative steps to discharge his duties) (citations omitted).

Accordingly, we remand this matter to the PCRA court for a **Grazier** hearing at which the PCRA court shall determine if Appellant wishes to have counsel or proceed *pro se*. The PCRA court shall also determine Appellant's IFP status. If Appellant concludes that he wants current counsel, Attorney Lynott, to represent him on appeal, Attorney Lynott shall enter his appearance in this Court, and the PCRA court shall afford counsel an opportunity to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), *nunc pro tunc* within twenty-one days. Thereafter, within thirty days, the PCRA court shall file a Pa.R.A.P. 1925(a) opinion. Counsel's appellate brief to this Court would then be due within thirty days of the filing of the PCRA court's Pa.R.A.P. 1925(a) opinion.

Alternatively, should Appellant conclude that he wants to represent himself on appeal, and if the PCRA court deems his waiver of counsel is proper in light of **Grazier**, the PCRA court shall immediately certify and supply to this Court the transcript of the **Grazier** hearing so that we may proceed to dispose of the appeal on the briefs already filed.

Case remanded with instructions. Panel jurisdiction retained.