J-S34001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN E. LONGENDORFER, III | : | |
| | : | |
| Appellant | : | No. 287 WDA 2022 |

Appeal from the PCRA Order Entered February 2, 2022
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000784-2017

BEFORE: LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: NOVEMBER 8, 2023**

John E. Longendorfer, III, appeals from the order, entered in the Court

of Common Pleas of Venango County, dismissing his petition filed pursuant to

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9542. Counsel

has filed a **Turner**/**Finley**[1] "no-merit" brief and application to withdraw.

Because of procedural irregularities in the PCRA court, we deny counsel's

application, vacate the PCRA court's order, and remand for further

proceedings.

On September 10, 2018, Longendorfer entered an open guilty plea to

one count of theft by deception—false impression, and two counts each of

conspiracy and identity theft. That same day, the court sentenced him to an

aggregate of 7 to 15 years' incarceration. Longendorfer's post-sentence

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

motions to withdraw his plea and for sentence modification were denied by operation of law on February 5, 2019. Longendorfer appealed to this Court, which affirmed his judgment of sentence. *See Commonwealth v. Longendorfer*, 237 A.3d 489 (Pa. Super. 2020) (Table).

On August 4, 2020, Longendorfer filed a timely *pro se* PCRA petition. The PCRA court, the Honorable Thomas K. Kistler, appointed counsel, David R. Gloss, Esquire. Attorney Gloss prepared, but did not file,[2] a *Turner*/*Finley* "no-merit" letter and motion to withdraw as counsel. On September 16, 2021, Judge Kistler issued Pa.R.Crim.P. 907 notice of his intent to dismiss Longendorfer's petition.[3] By letter dated October 4, 2021, Longendorfer requested an extension of time to file his response to the court's Rule 907 notice. By order dated October 12, 2021, the court granted Longendorfer an additional 60 days to file his response. Longendorfer timely filed a response on December 6, 2021. However, on February 2, 2022, Judge Kistler dismissed Longendorfer's PCRA petition for "fail[ure] to comply with the [c]ourt[-]imposed deadline of 60 days for the filing of a response." PCRA Court Order,

---

[2] The certified record contains a letter from Kyle B. Peasley, Esquire, Assistant District Attorney, to Judge Kistler, indicating that he had reviewed his office's file on Longendorfer's case and found a "no-merit" letter and request to withdraw prepared by David Gloss, Esquire, dated August 19, 2021. Attorney Peasley stated that he "called the Prothonotary's Office and they do *not* have this document. I believe [Attorney] Gloss might have, accidentally, failed to file this document." Letter to Judge Kistler, 2/1/22 (emphasis in original). Our review of the docket confirms that the "no-merit" letter and motion to withdraw were never filed of record.

[3] Although the docket indicates that an unspecified order was filed on September 16, 2021, that order is not contained in the certified record.

2/2/22. On March 4, 2022, Longendorfer filed a timely *pro se* notice of appeal, while technically still represented by Attorney Gloss.[4] On March 23, 2022, the PCRA court directed Longendorfer to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On March 28, 2022, Longendorfer filed a *pro se* document titled "Petitioner's Response to Pa.R.Crim.P. 907 Notice of Intent to Dismiss," which the PCRA court apparently accepted as a Rule 1925(b) statement.[5]

Thereafter, on March 30, 2022, after Longendorfer filed his notice of appeal of the February 2, 2022 order dismissing his petition, Judge Kistler issued the following order:

> AND NOW, this 30[th] day of March, 2022, the court has before it [Longendorfer's] response to the court's [Rule 907 notice]. After thorough review of [Longendorfer's] response and all other relevant information that is included in the record, notice is hereby given that [Longendorfer's] PCRA [petition] is DISMISSED without a hearing pursuant to Pa.R.Crim.P. 907.

PCRA Court Order, 3/30/22 (unnecessary capitalization omitted).

---

[4] Notices of appeal are an exception to the general prohibition against hybrid representation. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (holding "this Court is required to docket a *pro se* notice of appeal despite Appellant['s] being represented by counsel").

[5] In its June 24, 2022 Rule 1925(a) opinion, the court stated that it directed Longendorfer to file a Rule 1925(b) statement and, "[o]n March 28, 2022, [Longendorfer] filed a *pro se* response." PCRA Court Opinion, 6/24/22, at 2. The filing titled "Petitioner's Response to Pa.R.Crim.P. 907 Notice of Intent to Dismiss" is the only document in the certified record date-stamped March 28, 2022, although it does not actually appear on the docket.

At some point subsequent to the entry of the March 30, 2022 order, Longendorfer's case was reassigned to the Honorable Marie T. Veon. On June 15, 2022, having reviewed Attorney Gloss' "no-merit" letter and motion to withdraw, Judge Veon granted him leave to withdraw his representation. Finally, on June 23, 2022, finding that Longendorfer had not waived his right to counsel and that "[j]ustice requires that counsel be appointed for the appeal," Judge Veon appointed current counsel, Joseph J. Ferguson, Esquire, to represent Longendorfer in the instant appeal. Attorney Ferguson has filed with this Court a "no-merit" brief and an application to withdraw.

In her Rule 1925(a) opinion, Judge Veon acknowledges that the February 2, 2022 order issued by Judge Kistler, dismissing Longendorfer's PCRA petition for failure to file a response to the court's Rule 907 notice, was erroneously entered, as Longendorfer had, in fact, filed his response in a timely manner.

It is well-established that a petitioner has a rule-based right to counsel in litigating a first PCRA petition, which must be honored even when the claims appear on their face to lack merit. **See** Pa.R.Crim.P. 904(C); **Commonwealth v. Cherry**, 155 A.3d 1080, 1082 (Pa. Super. 2017). Appointed counsel has a duty to either amend the *pro se* petition and litigate the claims on the merits or seek to withdrawal by complying with the mandates of **Turner**/**Finley**. **Id.** at 1083. "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." **Id.**

Here, Longendorfer's PCRA counsel prepared, but never filed of record with the PCRA court, a ***Turner***/***Finley*** "no-merit" letter and motion to withdraw. Accordingly, we are constrained to conclude that Longendorfer's timely first PCRA petition was "effectively uncounseled."[6] ***Id.*** Therefore, we vacate the court's order denying PCRA relief and remand for further proceedings in which the court shall appoint counsel, who may either file an amended PCRA petition or properly file a ***Turner***/***Finley*** "no-merit" letter and motion to withdraw as counsel.[7]

---

[6] The PCRA court's subsequent receipt from the Assistant District Attorney of a copy of counsel's "no-merit" letter and entry of a second order purporting to once again deny PCRA relief on March 30, 2022, is of no moment. Longendorfer's filing of a notice of appeal to this Court on March 4, 2022 divested the PCRA court of jurisdiction to act further on Longendorfer's petition. ***See Commonwealth v. Pearson***, 685 A.2d 551, 556–57 (Pa. Super. 1996) (stating that pursuant to Pa.R.A.P. 1701(a), generally, once notice of appeal is filed, trial court is divested of jurisdiction to act further in the matter). As such, the court's March 30, 2022 order is a legal nullity. ***See*** Pa.R.A.P. 1701(a).

[7] We note with disapproval the manner in which this case was handled in the PCRA court prior to Judge Veon's involvement. In particular, the court's dismissal of Longendorfer's petition without carefully reviewing the record for the presence of either the "no-merit" letter or Longendorfer's Rule 907 response has resulted in the need for otherwise-unnecessary additional proceedings in the PCRA court on remand. We further note with dismay the state of disarray in which the certified record was transmitted to this Court by the Venango County Prothonotary. The pleadings and court orders were haphazardly collected with no regard for organization by date, and at least one relevant order was missing entirely. This required this Court to repeatedly comb through the record in search of documents, wasting valuable judicial resources. We strongly suggest that the Prothonotary review its practices and procedures with regard to the organization of its records.

Order vacated. Application to withdraw denied. Case remanded for further proceedings in accordance with the dictates of this memorandum. Jurisdiction relinquished.[8]

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/8/2023

---

[8] Longendorfer's two applications for relief, filed with this Court on September 19, 2023, and September 29, 2023, are denied as moot.