J-S13019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICKY E. GRUBBS | : | |
| | : | |
| Appellant | : | No. 995 WDA 2018 |

Appeal from the PCRA Order Entered June 5, 2018
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0000514-2013

BEFORE: BENDER, P.J.E., OTT, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.: **FILED MAY 30, 2019**

Ricky E. Grubbs appeals, *pro se*, from the order entered June 5, 2018, in the Indiana County Court of Common Pleas, denying his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Grubbs seeks relief from the judgment of sentence of two to seven years' imprisonment imposed following his plea of *nolo contendre* to one count of statutory sexual assault.[1] On appeal, he challenges the legality of his 25-year registration requirement under Pennsylvania's Sexual Offender Notification and Registration Act ("SORNA").[2] For the reasons below, we

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. § 3122.1(a)(2).

[2] **See** 42 Pa.C.S. §§ 9799.10-9799.41, amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 14, immediately effective. 42 Pa.C.S. §§ 9799.51-9799.75 ("SORNA II").

vacate the order denying PCRA relief, and remand for the appointment of counsel.

On three occasions between June of 2012 and January of 2013, Grubbs sexually assaulted the nine-year-old victim. On August 26, 2013, he entered the aforementioned *nolo contendre* plea to one count of statutory sexual assault. Following a delay in the proceedings caused by an improper appeal,[3] Grubbs was sentenced to a term of two to seven years' imprisonment on April 11, 2014. Moreover, the court notified Grubbs of his 25-year registration requirement as a sexual offender under SORNA. Grubbs' judgment of sentence was affirmed on direct appeal.[4] **See Commonwealth v. Grubbs**, 120 A.3d 370 (Pa. Super. 2015) (unpublished memorandum).

On August 4, 2017, Grubbs filed a "Pro Se Petition to Correct and/or Modify Unconstitutional Sentence" based upon the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017),

_____

[3] Under the plea agreement, the Commonwealth agreed to recommend a county sentence. The victim's father objected to the mitigated sentence and attempted to appeal the entry of the plea. The appeal was later quashed by this Court.

[4] We note that on October 24, 2014, while his direct appeal was pending, Grubbs filed a PCRA petition. The trial court properly denied that petition without prejudice on October 28, 2014. **See Commonwealth v. Leslie**, 757 A.2d 984, 985 (Pa. Super. 2000) ("A PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights.").

*cert. denied*, 138 S.Ct. 925 (2018),[5] which the court considered to be a PCRA petition. The PCRA court appointed counsel, but later stayed the proceedings, upon the Commonwealth's request, pending the United States Supreme Court's decision on the petition for *certiorari* filed in **Muniz**. On December 20, 2017, Grubbs filed a *pro se* amended PCRA petition, in which he averred he had dismissed appointed counsel, and requested a "Stand By Lawyer."[6] Amended Petition for Post Conviction Collateral Relief, 12/20/2017, at 12. The PCRA court entered an order on January 4, 2018, appointing Jennifer Westrick, Esquire, to represent Grubbs, and directing her to file, within 90 days, (1) either an amended petition or, (2) if she determined no amendment was necessary, a scheduling order for a hearing. **See** Order, 1/4/2018. Before counsel took any action, on February 1, 2018, the Commonwealth filed a motion to reschedule the hearing after the United States Supreme Court denied *certiorari* in **Muniz**.

A PCRA hearing was subsequently conducted on June 5, 2018. That same day, the PCRA court entered an order denying relief. Grubbs filed a timely *pro se* notice of appeal on July 5, 2018. Thereafter, on July 9, 2018,

---

[5] In **Muniz**, the Pennsylvania Supreme Court held SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions.

[6] We note Grubbs did not request to proceed *pro se*, and no **Grazier** hearing was conducted. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

counsel filed a motion to withdraw as counsel, averring her appointment "was limited to amending the [PCRA petition] and representation at [the PCRA] hearing held on June 5, 2018." Motion to Withdraw as Counsel, 7/9/2018. The court granted her motion on July 10, 2018.

Preliminarily, we must address Grubbs' *pro se* status on appeal. It is well-settled that indigent criminal defendants "have a general rule-based right to assistance of counsel for their first PCRA Petition." **Commonwealth v. Cherry**, 155 A.3d 1080, 1082 (Pa. Super. 2017), *citing* Pa.R.Crim.P. 904(C). The petition at issue herein is Grubbs' first request for collateral relief after his judgment of sentence was final.[7] Therefore, he is entitled to the appointment of counsel to assist him "throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(F)(2).

Furthermore, we emphasize that:

[O]nce counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties.

When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in

_____

[7] As noted *supra*, Grubbs filed a premature petition while his direct appeal was pending. However, that petition does not count as his first. **See Commonwealth v. Kubis**, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) (finding defendant's premature PCRA petition filed while his direct appeal was pending did not "constitute a first PCRA petition" because the PCRA "has no applicability until the judgment of sentence becomes final"), *appeal denied*, 813 A.2d 839 (Pa. 2002).

acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner**/**Finley**.[6] "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled."

_____

[6] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (1988) (_en banc_ ).

**Cherry**, **supra**, 155 A.3d at 1082-1083 (internal citations omitted).

Our review of the record reveals appointed counsel neither amended Grubb's _pro se_ PCRA petition nor sought to withdraw pursuant to the requirements of **Turner**/**Finley**.  **See also Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa. Super. 2014) (requirements for post-conviction counsel to withdraw from representation).  Rather, here, counsel sought to withdraw based solely on her misperception that her appointment was limited to the filing of an amended petition (which she never did) and representation at the PCRA hearing.[8]  **See** Motion to Withdraw as Counsel, 7/9/2018.  By granting counsel's petition to withdraw absent the **Turner**/**Finley** protections, the PCRA court essentially forced Grubbs to proceed _pro se_.

Therefore, we are constrained to vacate the order denying PCRA relief, and remand for the appointment of counsel within 30 days of the filing of this decision.  Once such an appointment is made, counsel is directed, within 60 days of the appointment, to either file an amended PCRA petition, or certify

_____

[8] We recognize counsel's confusion may have emanated from the court's appointment notice, which directed her to file an amended petition or seek to reschedule the hearing.  **See** Order, 1/4/2018.

- 5 -

the claims lack merit and request to withdraw from representation pursuant to the requirements of **Turner**/**Finley**.

Order vacated. Case remanded with directions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2019