J-S30035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR MCNEIL | : | |
| | : | |
| Appellant | : | No. 1204 EDA 2021 |

Appeal from the PCRA Order Entered May 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0511831-2005

BEFORE: STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:       **FILED SEPTEMBER 08, 2022**

Omar McNeil (McNeil) appeals from the May 27, 2021 order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1] We reverse the order and remand for further proceedings.

Only a brief procedural history is necessary to our disposition. In 2006, McNeil was convicted following a jury trial of first-degree murder, carrying a firearm without a license and possession of an instrument of crime.[2] On January 4, 2008, this Court affirmed his judgment of sentence and he did not

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq*.

[2] 18 Pa.C.S. §§ 2502, 6106 & 907.

seek further review. ***See Commonwealth v. McNeil***, 3052 EDA 2006, at *7 (Pa. Super. Jan. 4, 2008) (unpublished memorandum)*.*

On August 26, 2019, McNeil filed the instant PCRA petition, his first. He claimed that after this Court resolved his appeal, he was abandoned by appellate counsel and no petition for allowance of appeal in the Supreme Court or PCRA petition was ever filed. Request for Post-Conviction Relief Nunc Pro Tunc, 8/26/19, at ¶ 4. He requested that his appellate rights be reinstated "due to a miscarriage of justice so malicious no respectable civilization would tolerate. And the abandonment of counsel without informing petitioner of where his case was at, or what to do."[3] ***Id.*** at ¶ 6 (cleaned up). He did not plead that he requested a petition for allowance of appeal in the Supreme Court or when he learned that his direct appeal had concluded. The petition also raised claims for substantive relief such as alleged errors in jury selection.

The PCRA court appointed counsel who then filed a ***Turner***/***Finley*** no-merit letter.[4] PCRA counsel concluded that the petition was patently untimely because McNeil's judgment of sentence had become final in 2008. Counsel

---

[3] McNeil additionally pled that various trial errors, primarily concerning jury selection, were the result of governmental interference under 42 Pa.C.S. § 9545(b)(1)(i). ***See*** Request for Post-Conviction Relief Nunc Pro Tunc, 8/26/19, at ¶¶ 27-28. He did not plead that government interference excused his untimely filing.

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

contended that no exception to the jurisdictional time-bar applied, stating that "[n]o such government interference or newly discovered evidence has been offered to the undersigned, and no relevant, retroactive legislation applies." No-Merit Letter, 7/27/20, at 3. Counsel stated that he had "attempted communication with [McNeil] via written correspondence" but did not state whether he had successfully reached McNeil. *Id.* at 1. The letter did not acknowledge McNeil's claim that he was abandoned by direct appeal counsel and had not previously been apprised of the status of his appeal. After concluding that the petition was untimely, counsel did not address the merits of any issues McNeil raised in his *pro se* petition.

The PCRA court issued a notice of its intention to dismiss the petition without a hearing. McNeil did not file a response and the PCRA court dismissed the petition. He timely appealed and the PCRA court appointed new counsel who filed a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925(b). He argued for the first time that initial PCRA counsel was ineffective in filing a no-merit letter instead of amending the *pro se* petition.[5]

---

[5] Pursuant to **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021), a PCRA petitioner may raise ineffectiveness of PCRA counsel "at the first opportunity to do so, even when on appeal." The appellate courts may then address the ineffectiveness claims on the merits or, if necessary, "remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." *Id.* at 402.

McNeil contends on appeal that his first appointed PCRA counsel was ineffective in litigating his petition because he did not amend the petition or otherwise argue that McNeil had satisfied the newly-discovered facts exception to the jurisdictional time-bar.[6] "To prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Sarvey*, 199 A.3d 436, 452 (Pa. Super. 2018). We presume that counsel has rendered effective assistance. *See Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). When assessing PCRA counsel's performance, we have observed

> When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of *Turner*/*Finley*. If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled.

---

[6] "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted). However, whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

***Commonwealth v. Cherry***, 155 A.3d 1080, 1083 (Pa. Super. 2017) (citations omitted).

"A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Commonwealth v. Graves***, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); ***see also*** 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). If an appellant wishes to pursue further review after his case is disposed of in this Court, he must file a petition for allowance of appeal in our Supreme Court within 30 days. ***See*** Pa. R.A.P. 1113(A). If no petition for allowance of appeal is filed, the judgment of sentence becomes final after the 30-day period for doing so has expired. 42 Pa.C.S. § 9545(b)(3).

McNeil's sentence became final in 2008 when this Court affirmed his judgment of sentence and he failed to seek further review. Because he did not file the instant petition until August 2019, his petition is facially untimely and he must plead and prove one of the exceptions to the PCRA's timeliness requirements: that he was prevented from raising the claim earlier by government interference; that the claim is based on newly-discovered facts that could not have been ascertained earlier with due diligence; or that the claim is predicated on a newly-recognized constitutional right. 42 Pa.C.S.

§ 9545(b)(1)(i)-(iii).  In addition, the petitioner invoking a time-bar exception must file the petition within one year of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

McNeil presents a layered ineffectiveness claim, asserting that prior counsel was ineffective for failing to raise the newly-discovered facts exception in order to establish he had been abandoned without notice by direct appeal counsel.  42 Pa.C.S. § 9545(b)(1)(ii).  To invoke the newly-discovered facts exception, "the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016) (internal quotations and citation omitted).  Failure to file a requested petition for allowance of appeal constitutes ineffective assistance of counsel because it completely deprives an appellant of further appellate review. **Commonwealth v. Williamson**, 21 A.3d 236, 241-42 (Pa. Super. 2011).  In addition to being a basis for substantive relief, such failure can fulfill the newly-discovered facts exception to the PCRA's time-bar if the petitioner is unaware that counsel failed to file the petition and exercises due diligence to ascertain the status of his case. **Id.**; **see Cox**, **supra**.

Here, it is not apparent from prior PCRA counsel's sparse **Turner**/**Finley** letter that he recognized McNeil's attempt to claim abandonment by direct appeal counsel or the application of the newly-discovered facts exception.  The no-merit letter does not address the purported abandonment by direct appeal

counsel prior to filing a petition for allowance of appeal in the Supreme Court. ***Williamson***, ***supra***. It merely avers that no newly-discovered evidence "has been offered to the undersigned" and that counsel "attempted communication" with McNeil prior to filing the letter. No-Merit Letter, 7/27/20, at 3, 1. While the initial *pro se* petition did not properly set forth the elements of the newly-discovered facts exception, appointed counsel had a duty to investigate the allegation as set forth in the petition and amend the petition to raise the exception if applicable. ***Cherry***, ***supra***. Prior PCRA counsel's no-merit letter does not adequately establish that he fulfilled this duty. It is not clear from the letter that he ever spoke to McNeil to ascertain the facts underlying the claim or that he even recognized McNeil's attempt to raise this ineffectiveness claim and time-bar exception in the first instance.

The Commonwealth and the PCRA court contend that PCRA counsel could not have been ineffective because McNeil's attempt to raise the newly-discovered facts exception is meritless. ***See*** Commonwealth's Brief at 6-8; PCRA Court Opinion, 12/7/21, at 7-9. Based on the allegations in the *pro se* petition and the passage of time, they conclude that McNeil would not have been able to plead that the facts underlying his claim of abandonment were previously unknown to him and that he exercised due diligence to ascertain them. These arguments focus on whether McNeil's initial *pro se* petition established the time-bar exception. The proper inquiry, however, is whether

prior PCRA counsel effectively discharged his duty to amend the petition or comply with the dictates of *Turner* and *Finley*.

While it may be true that McNeil faces an uphill battle in establishing that he exercised due diligence in the years since his direct appeal concluded, he is nevertheless entitled to counsel on his first PCRA petition to rectify his pleading errors and properly develop the claims or to file a more detailed no-merit letter outlining the specific reasons why the petition fails. *Cherry*, *supra*; Pa.R.Crim.P. 904(c). A *pro se* petitioner who initially fails to properly plead his claims may nonetheless present meritorious claims, or at least raise an issue of fact, when aided by competent counsel. Here, the current record is inadequate to establish whether initial PCRA counsel correctly discharged his duty and we must remand for the PCRA court to address these factual issues in the first instance. *Bradley*, *supra*.

Accordingly, we vacate the order dismissing McNeil's petition and remand for an evidentiary hearing regarding prior PCRA counsel's effectiveness. If the PCRA court determines that prior counsel was ineffective, it should allow McNeil the opportunity to amend his petition. If it determines that prior counsel was effective, it should again dismiss the petition and McNeil will be entitled to file an appeal from that order.

Order vacated. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/8/2022*