J-S30019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN CORLISS | : | |
| | : | |
| Appellant | : | No. 1051 EDA 2022 |

Appeal from the PCRA Order Entered March 7, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001749-2013

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:              **FILED FEBRUARY 6, 2023**

Justin Meredith Corliss (Appellant) appeals, *pro se*, from the order entered in the Monroe County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).  Appellant seeks relief from the judgment of sentence of an aggregate 30 to 60 years' imprisonment imposed following his jury conviction of involuntary deviate sexual intercourse (IDSI) with a child[2] and related offense for the sexual abuse of his minor daughter, C.C.[3]  On appeal, Appellant argues the PCRA court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. § 3123(b).

[3] As we note **infra**, the charges at this trial court docket — CP-45-CR-0001749-2013 (Trial Docket 1749-2013) — were tried jointly with charges filed at trial
*(Footnote Continued Next Page)*

erred and abused its discretion by: (1) concluding his petition was untimely filed and that he failed to produce *prima facie* evidence that a miscarriage of justice occurred; (2) concluding his claims were previously litigated; and (3) ignoring issues concerning the ineffective assistance of trial counsel. For the reasons below, we affirm.

The relevant facts and procedural history underlying Appellant's convictions were summarized by this Court in the memorandum decision affirming the denial of his first PCRA petition:

> [Appellant] operated a pet store in Monroe County. In 1993, [Appellant] commenced a romantic relationship with his coworker, K.V. Shortly thereafter, [Appellant] moved in the residence K.V. shared with her minor daughter, R.V. In 1995, when R.V. was approximately nine years old, [Appellant] began to molest R.V. At first, [Appellant] would tickle R.V. when they played together. [Appellant's] behavior escalated, however, and he began placing his hands down R.V.'s pants. [Appellant] digitally penetrated R.V. on multiple occasions between 1995 and 1997. The abuse occurred at K.V.'s residence, often while K.V. was in another room. On one occasion, [Appellant] inappropriately touched R.V. during a car trip to New York. The molestation continued until 1997, when [Appellant] moved out of K.V.'s residence. R.V. did not immediately report the abuse.
>
> In 1996, fourteen-year old [D.G.] began to work at [Appellant's] pet store. . . . After [D.G.] started working at the pet store, [Appellant] would tickle her. [Appellant's] behavior escalated, and he began placing his hands down [D.G.'s] pants. Eventually, [Appellant] and [D.G.] engaged

court docket CP-45-CR-0002173-2013 (Trial Docket 2173-2013), which involved sexual offenses committed against another minor victim, R.V. An appeal from the denial of Appellant's second PCRA petition filed in that case is pending before this panel. ***See Commonwealth v. Corliss***, 444 EDA 2022.

in sexual intercourse. [Appellant] also performed oral sex on [D.G.] on multiple occasions[ and fondled her during car trips to New York.]

. . . In 1997, [D.G's] mother learned about the abuse and immediately informed the police.

[Appellant was charged] with multiple offenses related to the molestation of [D.G., and following a jury trial, was] convicted . . . of two (2) counts of statutory sexual assault and one (1) count each of aggravated indecent assault, indecent assault, and corruption of minors. On August 20, 1998, the [trial] court sentenced [Appellant] to an aggregate term of four (4) to ten (10) years' imprisonment. This Court affirmed the judgment of sentence on November 30, 1999. *See Commonwealth v. Corliss*, 750 A.2d 366 (Pa. Super. 1999) (unpublished memorandum).

Prior to the start of the 1998 trial, [Appellant] met C.T. at the pet store. [Appellant] and C.T. married, and C.T. became pregnant before [Appellant's] sentencing hearing. C.T. gave birth to [Appellant's] daughter, C.C., in 1999 while [Appellant] was incarcerated. [Appellant] remained incarcerated until 2008. Upon his release, [Appellant] returned to live with C.T. and C.C. C.T. had no concerns about [Appellant] being around C.C., because [Appellant] had convinced C.T. that he was actually innocent of the charges pertaining to [D.G.] When [Appellant] would play with C.C., C.T. noticed that [Appellant] tickled the child and scratched the child's back. The tickling started to bother C.C., and she asked [Appellant] not to touch her, but C.T. did not intervene. [Appellant's] relationship with C.T. ended in 2010, after C.T. discovered that [Appellant] was having an affair with another teenager. In 2013, C.C. informed C.T. that [Appellant] had molested her. C.C. claimed that [Appellant] would put his hands down her pants and touch her vagina, exposed his penis to C.C., and attempted to force the child to perform oral sex on him.

Police arrested [Appellant] for the offenses against C.C. in July 2013. The media reported on [Appellant's] arrest, and R.V. saw the coverage. R.V. decided to contact police and inform them of the abuse she suffered from 1995 until 1997. At [Trial Docket 1749-2013], the Commonwealth charged [Appellant] with sex offenses committed against C.C. At

- 3 -

[Trial Docket 2173-2013], the Commonwealth charged [Appellant] with sex offenses committed against R.V.

The two cases involving the allegations of C.C. and R.V. were tried together, and at that joint trial, the Commonwealth was permitted to introduce evidence of [Appellant's] prior conduct toward D.G. in [the 1998 case.[4]]

[Appellant] was found guilty of offenses against both C.C. and R.V., and as to the counts concerning C.C. [at Trial Docket 1749-2013], he was sentenced to a total prison term of 30 to 60 years.[5] The judgment of sentence was affirmed[, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal]. *Commonwealth v. Corliss*, 108 EDA 2017 (Pa. Super. Dec. 8, 2017) (unpublished memorandum)[, *appeal denied*, 176 MAL 2018 (Pa. Oct. 30, 2018)]. . . .

*Commonwealth v. Corliss*, 1272 EDA 2020 (Pa. Super. Apr. 30, 2021) (unpub. memo. at 2-4) (some citations omitted), *appeal denied*, 433 MAL 2021 (Pa. Nov. 30, 2021). Appellant was represented at trial by Adam W. Bompadre, Esquire, but requested to proceed *pro se* following the verdict, and has continued to represent himself since that time.

---

[4] Initially, the trial court denied the Commonwealth's pretrial motion *in limine* seeking to introduce evidence of Appellant's prior bad acts, including the "molestation of D.G." *See Commonwealth v. Corliss*, 2091 EDA 2014, 2105 EDA 2014 (unpub. memo. at 5-6) (Pa. Super. July 14, 2015), *appeal denied*, 630 MAL 2015 (Pa. Dec. 7, 2015). However, the Commonwealth filed an interlocutory appeal to this Court, which reversed the court's ruling. *See id.* at 16-18.

[5] The trial court imposed a sentence of 9 to 18 years' imprisonment for the convictions at Trial Docket 2173-2013, and directed the sentences in that case run consecutively — thus, Appellant's aggregate sentence was 39 to 78 years' imprisonment. The court also determined Appellant was a sexually violent predator under the predecessor to the Sexual Offender Notification and Registration Act (SORNA). *See* 42 Pa.C.S. §§ 9799.51-9799.75 (Subchapter I).

Appellant filed a timely, *pro se*, PCRA petition on October 28, 2019, followed by an amended petition on January 7, 2020. After conducting an evidentiary hearing, the PCRA court denied Appellant relief on May 27, 2020. A panel of this Court affirmed on appeal, and on November 30, 2021, the Pennsylvania Supreme Court denied Appellant's petition for allocatur review. ***See Corliss***, 1272 EDA 2020; 433 MAL 2021.

On February 7, 2022, Appellant filed the present PCRA petition, his second. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition on February 9th. The court concluded: (1) the petition was untimely filed and Appellant failed to plead any of the timeliness exceptions; (2) the issues raised were either previously litigated or waived; and (3) Appellant failed to demonstrate a "strong prima facie showing that the allegations of error have either resulted in the conviction or affirmance of an innocent individual or that there has been a miscarriage of justice." ***See*** Notice Pursuant to Pa.R.C[rim].P. 907, 2/9/22, at 1-2. Appellant did not respond to the Rule 907 notice; thus, on March 7, 2022, the PCRA court denied Appellant's petition.[6] This timely appeal follows.[7]

Appellant presents the following four issues for our review:

1. Whether the PCRA court erred and abused its discretion in claiming the second PCRA filed was untimely, where a

---

[6] The court's order was sent to the parties on March 8, 2022.

[7] Appellant complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

- 5 -

subsequent PCRA may not be filed while Appellant's first timely PCRA was pending on appeal, rendering his second PCRA timely as it was filed promptly after the first PCRA's appeal concluded, and, with the, claimed to be jurisdictional, one year time frame[?]

2.  Whether the PCRA court erred and abused its discretion in claiming that Appellant had not produced strong *prima facie* evidence of both his actual innocence and that the convictions resulted in a miscarriage of justice[?]

3.  Whether the PCRA court erred and abused its discretion in claiming that any issue raised has truly been "previously litigated," and, whether blindly asserting such renders resort to the strictures of the PCRA fundamentally unfair, resulting in a violation of due process[?]

4.  Whether the PCRA court erred and abused its discretion in ignoring the issues of:  (1) counsel's failure to pursue the defense of recent fabrication, (2) counsel's failure to object to any reference to Appellant's unconstitutionally obtained conviction from 1998; (3) counsel's failure to compel a jury determination of *mens rea* as to any crime of violence, where no evidence of violence was testified to, (4) counsel's failure to object to the constructive amendment of the jury instruction that redefined penetration, (5) counsel's failure to pursue expert testimony regarding the exculpatory DNA results from 1998, and, (6) counsel's failure to pursue the defense of recent fabrication with evidence available to him, when, none of these issues were previously litigated, at no fault of . . . Appellant, thus resulting in merely an extension of Appellant's first PCRA to obtain rulings on issues ignored by the PCRA court[?]

Appellant's Brief at 4-5.

Our review of an order denying PCRA relief is well-established.  "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation and quotation marks omitted).  Here, the PCRA court determined Appellant's second PCRA petition was untimely filed, and,

moreover, all of the issues raised therein were either previously litigated or waived. *See* Order, 3/7/22, at 1-2. We agree.

The statutory requirement that a PCRA petition must be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. ***Commonwealth v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019) (citation omitted). ***See also*** 42 Pa.C.S. § 9545(b)(1).

Here, Appellant's judgment of sentence was final on January 28, 2019, 90 days after the Pennsylvania Supreme Court denied his petition for allocatur review from his direct appeal, and the time for filing a writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup. Ct. R. 13. Therefore, he had until January 28, 2020, to file a timely PCRA petition, which he did on October 28, 2019. However, the **present** petition — Appellant's second — was filed more than two years later, on February 7, 2022, and is, therefore, untimely.

Nevertheless, Section 9545(b)(1) provides three exceptions to the time for filing requirement:

> (1) Any petition under this subchapter, **including a second or subsequent petition**, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii) (emphasis added). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008).

Appellant does not even acknowledge the timeliness exceptions set forth in Section 9545(b)(1), let alone attempt to plead or prove their applicability to his claims. Rather, he maintains that his second petition was timely filed within one year of the date his first PCRA petition was final. **See** Appellant's Brief at 13. Appellant argues that pursuant to the Pennsylvania Supreme Court's decision in **Commonwalth v. Lark**, 746 A.2d 585 (Pa. 2000), **overruled on other grounds by Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020), he was not permitted to file a second petition while the appeal from the denial of his first PCRA petition was pending in this Court. **See** Appellant's Brief at 13. Because "[f]iling and litigating one PCRA petition in a year's time is near to impossible," Appellant insists "it is reasonable to assume that tolling was implied" by the legislature. **Id.** at 16.

Appellant's analysis is simply incorrect. In **Lark**, the Supreme Court held that a petitioner may not file a subsequent PCRA petition while a prior petition is pending. **See Lark**, 746 A.2d at 588. However, the Court further acknowledged: "If the subsequent petition is not filed within one year of the

- 8 -

date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies." *Id.* Indeed, the one-year time-for-filing requirement begins to run from the date the petitioner's **judgment of sentence** is final — that is, "at the conclusion of **direct review**, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3) (emphasis added). It does **not** run from the conclusion of collateral review, nor does the filing of a timely **first petition** toll the period to file a **second petition**. Furthermore, as noted *supra*, Appellant did not attempt to plead or prove any of the timeliness exceptions set forth at Section 9545(b)(1). The Supreme Court has recognized that the "jurisdictional time limitation, as well as the inability to file a new petition while a prior petition [is] pending, . . . has created a collateral review process under which a petitioner will be able, as a practical matter, to file only a single, counseled petition for relief." *Commonwealth v. Bradley*, 261 A.3d 381, 391 (Pa. 2021) (citations omitted). Thus, we agree with the PCRA court's determination that Appellant's February 7, 2022, petition was untimely filed.

To the extent Appellant implies we may ignore the timeliness requirements when a "miscarriage of justice" has occurred, he is again, mistaken. *See* Appellant's Brief at 22-23. In *Commonwealth v. Lawson*, 549 A.2d 107 (Pa. 1988), the Pennsylvania Supreme Court permitted the filing of a second or subsequent post-conviction request for relief if the petitioner

made "a strong *prima facie* showing . . . that a miscarriage of justice may have occurred." *Id.* at 112. However, **Lawson** predated the 1995 amendments to the PCRA, which added the jurisdictional time bar. Therefore, **Lawson** is no longer binding authority. Indeed, the Supreme Court has recognized that the timeliness requirements are jurisdictional in nature, the "time limitations are not subject to equitable exceptions" and "a court may not address the merits of the issues raised if the PCRA petition was not timely filed." **See Commonwealth v. Taylor**, 283 A.3d 178, 188 (Pa. 2022); **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723–24 (Pa. 2003). Thus, we conclude, as did the PCRA court, that we have no jurisdiction to consider Appellant's February 7, 2022, petition.

Appellant also contends, however, that a "remand is required" because the PCRA court's Rule 907 notice was insufficient to inform him "what facts or pleadings were deficient, [and] what was required to cure, amend or replead the petition[.]" **See** Appellant's Brief at 17, 19. Again, we disagree. The PCRA court's Rule 907 notice clearly stated: (1) Appellant's petition was untimely filed more than one year after his judgment of sentence was final, and Appellant failed to raise any of the timeliness exceptions; (2) the issues raised were "without merit, or were previously litigated, or should have been previously litigated in [his] direct appeal of the judgment of sentence or first PCRA petition[;]" and (3) Appellant's petition failed to make a "prima facie showing" that he was innocent of the crimes charged or there had been a

"miscarriage of justice." Notice Pursuant to Pa.R.C[rim].P. 907 at 1-2. Thus, no remand is required.

Although we have concluded that Appellant's petition was untimely filed, and, thus, we have no jurisdiction to address the claims raised therein, we nevertheless note that we also agree with the PCRA court's determination that the issues Appellant presented in his petition are all either previously litigated or waived. *See* 42 Pa.C.S. § 9543(a)(3) (to be eligible for relief, a petition must plead and prove the "allegation of error has not been previously litigated or waived"). Pursuant to Section 9544, an issue is previously litigated if either "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or . . . it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a)(2)-(3). Moreover, an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Despite Appellant's protestation that "the expiration of the statute of limitations remains unlitigated,"[8] we conclude that his argument was previously litigated in both his direct appeal and the appeal from the denial of his first PCRA petition. *See Corliss*, 108 EDA 2017 (unpub. memo. at 7-10); *Corliss*, 1272 EDA 2020 (unpub. memo. at 6-7). Indeed, pursuant to 42

---

[8] *See* Appellant's Brief at 35.

Pa.C.S. § 5552(c)(3), the two-year limitations period did not begin to run until C.C. turned 18 years old. As noted above, C.C. was born in 1999, and the abuse occurred sometime between October 2009 and June 2010, when she would have been 10 or 11 years old. **See Corliss**, 1272 EDA 2020 (unpub. memo. at 3); Criminal Information, 8/16/13. C.C. did not turn 18 years of age until 2017. Therefore, when the charges were filed in 2013, the statute of limitations period had not expired.

Lastly, with regard to the myriad of ineffectiveness claims, we conclude, again, that most of these issues were previously litigated in his first PCRA petition and addressed by the PCRA court in its lengthy opinion disposing of Appellant's claims filed at this docket and Trial Docket 2173-2013. **See** PCRA Court Op., 5/27/21, at 24-27, 31-32 (failure to present defense of recent fabrication); 13, 55-57 (failure to object to evidence of 1998 conviction); 23, 33-43 (failure to present expert testimony regarding 1998 DNA results). Appellant presents two additional claims — criticizing Attorney Bompadre's failure to object to a jury instruction which "redefined penetration" and request a jury determination regarding *mens rea* — which we conclude are waived. **See** Appellant's Brief at 38. Although Appellant challenged the court's instruction on penetration in his first PCRA petition, he did **not** assert prior counsel was ineffective for failing to raise the claim before the trial court. **See** Appellant's Amended Post-Conviction Relief Act Petition, 1/7/20, at 73-83. Accordingly, that claim is waived. Furthermore, our review reveals no claim asserting Attorney Bompadre's ineffectiveness to failing to request a *mens rea*

instruction. Thus, that claim, too, is waived for our review. *See* 42 Pa.C.S. § 9544(b).

Because we conclude Appellant's second PCRA petition was untimely filed, and Appellant failed to plead or prove any of the time-for-filing exceptions, we affirm the order denying PCRA relief.

Order affirmed. Appellant's Petition to Waive the Right to Counsel on Appeal and Application to Quash the Commonwealth's Brief are both denied.[9]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2023

---

[9] Pursuant to Pa.R.Crim.P. 904(C), a petitioner has "a general rule-based right to the assistance of counsel for their first PCRA Petition." *Commonwealth v. Cherry*, 155 A.3d 1080, 1082 (Pa. Super. 2017). However, an unrepresented indigent petitioner is entitled to counsel on a second or subsequent petition only when "an evidentiary hearing is required[.]" Pa.R.Crim.P. 904(D). Thus, Appellant was not entitled to counsel in the present case, and there was no need for the PCRA court to conduct a *Grazier* hearing*. See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). Furthermore, while we note with disapproval that late filing of the Commonwealth's Appellee Brief, we decline to quash the brief.