J-S46003-24

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HAIL ABDURAHMAN ALI :
:
Appellant : No. 610 WDA 2024

Appeal from the PCRA Order Entered April 23, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000592-2021

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: MARCH 28, 2025**

Hail Abdurahman Ali appeals, *pro se*, from the order, entered in the Court of Common Pleas of Erie County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

On January 12, 2021, Ali shot Emmanuel Harmon multiple times, causing serious injury. On May 19, 2022, Ali was convicted by a jury of criminal attempt (homicide),[1] aggravated assault,[2] and possession of an instrument of crime.[3] On July 7, 2022, the trial court imposed an aggregate

---

[1] 18 Pa.C.S.A. § 901(a).

[2] *Id. at* § 2702(a)(1).

[3] *Id.* at § 907.

sentence of 254 to 508 months of incarceration. Ali filed a post-sentence motion challenging, *inter alia*, the sufficiency and weight of the evidence. After the trial court denied his post-sentence motion, Ali appealed and this Court affirmed his convictions. ***See Commonwealth v. Ali***, 303 A.3d 776 (Pa. Super. filed July 25, 2023) (unpublished memorandum decision).

On September 15, 2023, Ali filed a timely *pro se* PCRA petition raising issues of ineffective assistance of counsel and constitutional violations based on alleged prosecutorial misconduct. The PCRA court appointed William Hathaway, Esquire, as PCRA counsel. On November 20, 2023, Attorney Hathaway filed a "no-merit" letter seeking to withdraw pursuant to the dictates of ***Turner/Finley***.[4] On March 26, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Ali's petition and granted PCRA counsel's petition to withdraw. Ali did not file a response. On April 23, 2024, the court dismissed Ali's petition without a hearing. Ali subsequently filed a timely *pro se* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Ali presents the following issues for our review:

1. Whether [] trial counsel, direct appeal counsel, and PCRA counsel [were ineffective]?

---

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

- 2 -

2. Whether [the PCRA court] adopted court[-]appointed PCRA counsel's [***Turner/Finley***][5] letter [in violation of the Code of Judicial Conduct]?

3. Whether the District Attorney violated the [Code of Professional Responsibility]?

Appellant's Brief, at 3.

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

In his first issue, Ali argues that his trial counsel, direct appeal counsel, and PCRA counsel[6] were ineffective for failing to "pursue issues of

---

[5] Throughout his brief, Ali refers to Attorney Hathaway's letter as an ***Anders*** letter. A brief filed pursuant to ***Anders v. California***, 386 U.S. 738 (1967), is proper where counsel seeks to withdraw his or her representation in a **direct appeal**. A ***Turner/Finley*** no-merit letter is the appropriate filing in an application to withdraw on collateral review. ***See Turner***, ***supra***; ***Finley***, ***supra***.

[6] "A petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the
*(Footnote Continued Next Page)*

prosecutorial misconduct where the prosecutor expressed her personal opinions during closing arguments . . . and vouched for the credibility of witnesses for the Commonwealth."[7]  Appellant's Brief, at 6.  In other words, Ali is raising a layered claim of ineffective assistance of counsel.

To be entitled to relief on a claim of ineffectiveness of counsel, a PCRA petitioner must establish all three prongs of the ineffective assistance of counsel test set forth in *Commonwealth v. Pierce*, 527 A.2d 973, 975–76 (Pa. 1987).  A petitioner must demonstrate that: (1) the underlying claim has

---

first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021).

[7] Specifically, Ali challenges the following statements made by counsel for the Commonwealth during closing arguments:

> Felix says he sees [] some dreads.  Well, [Ali] had his hood up. . . . And, yeah, I agree, you can't see them in this video, but when you're moving [your] hair is going to come out of a hood.  Well, maybe you think, well, maybe he didn't see dreads, but we know that [] Ali had dreads at one point, right, you saw them in the photograph.  So it's very possible, I would submit to you, that he saw [] Ali.  He knows him to have dreads and he imposed that because he saw his face, because he saw someone he knew.
>
> * * * *
>
> Ladies and gentlemen, I would submit to you that those statements alone prove beyond a reasonable doubt that it was [] Ali who did this crime, who did this shooting, but that is enough.
>
> * * * *
>
> Ladies and gentlemen, I would submit to you that we have proven beyond a reasonable doubt not just that [] Ali is the shooter, that also that Bashir, Musa, and Adam Ali are not.

N.T. Trial, 5/19/22, at 31-32, 37, 46.

- 4 -

arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) petitioner suffered prejudice because of counsel's ineffectiveness—there is a reasonable probability the result of the proceeding would have been different. **Commonwealth v. Chmiel**, 30 A.3d 1111, 1127 (Pa. 2011) (citations omitted). Further, counsel is presumed to have rendered effective assistance. **See Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010).

"Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." **Commonwealth v. Parrish**, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citation omitted). To be eligible for relief on layered claims of ineffective assistance of counsel, the petitioner must plead and prove that:

> (1) trial counsel was ineffective for a certain action or failure to act; and (2) [subsequent] counsel was ineffective for failing to raise trial counsel's ineffectiveness. As to each relevant layer of representation, [a petitioner] must meet all three prongs of the **Pierce** test for ineffectiveness. A failure to satisfy any of the three prongs of the **Pierce** test requires rejection of a claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of [subsequent] counsel.

> Thus, if the petitioner cannot prove the underlying claim of trial counsel ineffectiveness, then petitioner's derivative claim of [subsequent] counsel ineffectiveness of necessity must fail, and it is not necessary for the court to address the other two prongs of the **Pierce** test[, i.e., the reasonable basis and prejudice prongs] as applied to [subsequent] counsel.

**Chmiel**, 30 A.3d at 1128 (citations omitted and formatting altered).

Ali's underlying claim is one of prosecutorial misconduct. "It is settled that it is improper for a prosecutor to express a personal belief as to the credibility of the defendant or other witnesses." ***Commonwealth v. Santiago-Burgos***, 314 A.3d 535, 548 (Pa. Super. 2024) (citation omitted).

> Generally speaking, a prosecutor commits misconduct by improperly bolstering the credibility of a Commonwealth witness when the following two factors are met: (1) the prosecutor must assure the jury the testimony of the government witness is credible, and (2) this assurance must be based on either the prosecutor's personal knowledge or other information not contained in the record.

***Commonwealth v. Reid***, 259 A.3d 395, 429 (Pa. 2021) (citation and quotation marks omitted).

> However, the prosecutor may comment on the credibility of witnesses. Further, a prosecutor is allowed to respond to defense arguments with logical force and vigor. If defense counsel has attacked the credibility of witnesses in closing, the prosecutor may present argument addressing the witnesses' credibility. Thus, proper examination of the comments of [a prosecutor] in closing requires review of the arguments advanced by defense counsel in the defense summation.

***Santiago-Burgos***, 314 A.3d at 548 (citations omitted and formatting altered).

Instantly, the PCRA court rejected Ali's claim regarding trial counsel's alleged ineffectiveness as lacking arguable merit. The PCRA court found that:

> [Ali's] claims lack merit, particularly regarding the closing argument.
> * * * *
> The accuracy and credibility of the Commonwealth's witnesses' testimony were issues raised by defense counsel during the trial and in his closing[] and were important issues for the jury's consideration. Therefore, it was also necessary and appropriate

for the prosecution to address some of those same issues concerning credibility.

* * * *

The [c]ourt notes that the prosecutor used terms such as "I would submit to you," which is appropriate. The [c]ourt also notes that [the prosecutor's] explanation as to the description of the shooter having "dreadlocks" is also appropriate, especially since defense counsel had discussed that testimony regarding dreadlocks in his closing.

* * * *

The [c]ourt notes that the prosecutor's remarks did not violate [] the boundaries for appropriate closing argument by a prosecutor. The prosecutor used the appropriate terminology and did not specifically state her own personal opinion. The wording she utilized, combined with the precautionary instruction this [c]ourt gave before closing arguments, would very likely have led this [c]ourt to overrule any objection defense counsel may have made at the time of trial concerning those remarks discussed above. Therefore, trial counsel did not fail to act in such a way that it would have been ineffective.

Rule 907 Notice, 3/26/24, at 3-5.[8]

Our review confirms that the PCRA court's cogent reasoning is supported by the record and is free of legal error. Moreover, we emphasize that the trial court issued cautionary instructions to the jury specifically concerning figures of speech in closing arguments. *See* N.T. Trial, 5/19/22, at 13 ("You should be guided by those [closing] arguments to the extent they're supported by evidence and in so far as they aid you in applying your own reason and your own common sense. In closings, certain figures of speech are used and could be interpreted as [the] attorney[s'] personal opinions[, but] these attorneys

---

[8] The trial court's Rule 1925(a) opinion incorporates by reference its analysis in its notice of intent to dismiss. *See* Trial Court Opinion, 7/12/24, at 2.

are aware that their personal opinions do not matter[.]").  Accordingly, we conclude that trial counsel was not ineffective for failing to object to the prosecutor's closing remarks and that the trial court's cautionary instructions were adequate to overcome any potential prejudice Ali suffered from the prosecutor's comments. Therefore, because Ali's underlying claim lacks merit, trial counsel cannot be deemed ineffective, and Ali's entire layered claim of ineffective assistance fails.  **See Parrish**, 273 A.3d at 1004 n.11.  Ali's first issue, therefore, does not merit relief.

Next, Ali claims that the PCRA court improperly granted PCRA counsel's motion to withdraw where counsel's **Turner/Finley** no-merit letter was deficient.[9]  **See** Appellant's Brief, at 8.  Ali generally argues that the "court-appointed PCRA counsel had not substantially adhered to the procedural requirements of [**Turner/Finley**]."  **Id.** at 9.

Pennsylvania Rule of Criminal Procedure 904 sets forth a PCRA petitioner's right to assistance of counsel for his or her first PCRA petition: once counsel is appointed, counsel must either amend the petitioner's *pro se* petition or seek to withdraw from representation by complying with the

---

[9] Ali's reliance on canons of judicial conduct in this section of his brief is inapt. Pennsylvania's Code of Judicial Conduct does not have the force of substantive law.  **Commonwealth v. Druce**, 848 A.2d 104, 109 (Pa. 2004).  Instead, "[t]he Code's provisions merely set a norm of conduct for all our judges and do not impose substantive legal duties on them."  **Id.** (internal citation and quotation omitted).  As such, we consider only Ali's argument pertaining to the procedural requirements of **Turner/Finley**.

mandates of ***Turner/Finley***. ***Commonwealth v. Cherry***, 155 A.3d 1080, 1083 (Pa. Super. 2017).

> The ***Turner/Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, . . . then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. ***See Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009).

***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012) (formatting altered and footnote omitted).

In his brief, Ali fails to identify which specific requirements of ***Turner/Finley*** counsel has failed to meet. Our independent review of the record indicates that PCRA counsel complied with all procedural requirements of ***Turner/Finley***, including a detailed and well-reasoned "no-merit" letter, and that the PCRA court conducted its own independent review and agreed that the petition was without merit. ***See Turner/Finley*** "No Merit" Letter, 11/20/23, at 1-4 (unpaginated); ***see also*** Rule 907 Notice, 3/26/24, at 1-6. Ali has presented no basis upon which to disturb the PCRA court's order granting PCRA counsel's motion to withdraw and is not entitled to relief on this claim.

In his third issue, Ali asserts that the prosecutor violated professional standards of conduct by "expressing personal opinions about [his] guilt or

credibility" and "vouching for the credibility of witnesses." Appellant's Brief, at 10. It is axiomatic, however, that the Pennsylvania Rules of Professional Conduct "do not have the effect of substantive law" or "give rise to a cause of action." *In re Adoption of M.M.H.*, 981 A.2d 261, 272-73 (Pa. Super. 2009) (citation omitted). Rather, the Rules are merely "a basis upon which to sanction a lawyer through the disciplinary process." *Id.* at 273. Accordingly, this claim fails.

As all three of Ali's claims fail to merit relief, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/28/2025