J-S27045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIUS BUTCHER | : | |
| | : | |
| Appellant | : | No. 674 EDA 2024 |

Appeal from the PCRA Order Entered February 13, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005635-2011

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED SEPTEMBER 15, 2025**

Appellant Julius Butcher files this *pro se* appeal from the order of the Court of Common Pleas of Montgomery County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] After careful review, we vacate the PCRA court's order and remand for the appointment of new PCRA counsel.

In June 2011, Appellant was arrested and charged in Montgomery County with multiple sex crimes perpetrated against his ten-year-old son (hereinafter "the victim"). The victim disclosed that Appellant had "put his wee wee in [the victim's] butt" on several occasions since the victim was five years old. The victim recalled that Appellant's sexual assaults started when the family lived in their home in Philadelphia when the victim was five. The victim explained that the sexual abuse continued when he moved to

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

Norristown, Montgomery County, Pennsylvania when he was in first grade. Affidavit of Probable Cause, Notes of Testimony (N.T.), Prelim. Hrg, 8/2/11, at 12, 15-18; N.T., Trial, 10/21/14, at 10-31.

On October 22, 2014, a jury convicted Appellant of two counts of rape of a child (complainant less than thirteen years of age), two counts of aggravated indecent assault, and one count each of incest of a minor, endangering the welfare of children, corruption of minors, and terroristic threats. On May 13, 2015, the trial court conducted a hearing to determine whether to designate Appellant as a sexually violent predator (SVP). On August 10, 2015, the trial court deemed Appellant to be an SVP under Pennsylvania's Sex Offender Registration and Notification Act (SORNA). On September 1, 2015, the trial court sentenced Appellant to an aggregate term of twenty-five (25) to fifty (50) years' incarceration to be followed by ten years' probation. Appellant filed a timely post-sentence motion which the trial court subsequently denied.

On June 8, 2019, this Court reversed the judgment of sentence in part, vacating Appellant's SVP designation pursuant to this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017). **See Commonwealth v. Butcher**, 3818 EDA 2015 (Pa.Super. June 8, 2018) (unpublished memorandum). This Court affirmed the judgment of sentence in all other respects. This Court remanded the case to the trial court to determine what, if any, registration requirements applied to Appellant.

Due to delay partially caused by the COVID-19 pandemic, the trial court did not reconvene to evaluate Appellant's registration requirements until December 15, 2020.  In the meantime, our Supreme Court had reversed this Court's decision in **Butler**, finding the procedure for designating individuals as SVPs remained constitutionally permissible.  *See Commonwealth v. Butler*, 657 Pa. 579, 226 A.3d 972 (2020).  On December 16, 2020, the trial court entered an order reinstating its August 10, 2015 order designating Appellant as an SVP.  Appellant did not appeal that order.

On September 24, 2021, Appellant filed a counseled PCRA petition, raising several issues for collateral review.  Appellant's initial PCRA counsel was Andrea Pulizzi, Esquire.  On June 7, 2022, the PCRA court filed an order and opinion issuing notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  The PCRA court's Rule 907 order and opinion fully discussed each of the issues raised in Appellant's petition.

Thereafter, Atty. Pulizzi filed an amended petition on June 28, 2022, and a second amended petition on June 30, 2022, both on Appellant's behalf.  The Commonwealth filed an answer and motion to dismiss the amended petitions.  The amended petitions alleged that trial counsel was ineffective for failing to call Appellant's mother to testify in his defense.

On July 25, 2022, Appellant filed a *pro se* correspondence with the Court asking for an extension to obtain a different attorney or to file a *pro se* response to the Rule 907 notice.  Appellant attached a July 13, 2022 letter from Attorney Pulizzi informing him that she intended to withdraw her

- 3 -

representation given that the attorney-client relationship had deteriorated. On August 30, 2022, Appellant filed a motion to allow Attorney Pulizzi to withdraw and asked for the appointment of alternate counsel for collateral review. Appellant averred that Attorney Pulizzi "f[ell] below the standards of professional responsibility" in failing to include "meritorious claims to his PCRA petition as requested." Motion to Withdraw Counsel/Appoint New Counsel, 8/30/25, at 2.

On October 7, 2022, Appellant filed a *pro se* motion seeking permission to submit a supplemental PCRA petition and supporting memorandum of law, raising thirteen issues. On October 12, 2022, Attorney Pulizzi filed a "praecipe to withdraw," claiming that Appellant would "be representing himself." On November 16, 2022, Attorney Pulizzi filed a motion seeking permission to submit a third supplemental PCRA petition that was a reformatted version of Appellant's *pro se* motion filed October 7, 2022.

On December 23, 2022, Appellant filed a *pro se* "Memorandum of Law Supporting Petition for Post Conviction Relief." In this filing, Appellant raised the additional claim that trial counsel was ineffective in "failing to file a motion in limine prohibiting … the admission of prior bad acts in the form of alleged abuse in Philadelphia for which [Appellant] was never convicted or charged." Pro se filing, 12/23/22, at 8. In the alternative, Appellant claimed that trial counsel should have requested an instruction limiting the manner that the jury could consider the victim's allegations of abuse occurring in Philadelphia. *Id.* Appellant argued that he had asked Attorney Pulizzi to raise these issues on

his behalf in a PCRA petition, but she failed to do so. On January 6, 2023, Attorney Pulizzi filed a reformatted version of the December 23, 2022 pro se memorandum.

On January 31, 2023, Attorney Pulizzi again filed a "motion for leave to withdraw appearance," claiming that Appellant had accrued a large bill and had not paid her legal fees. After a hearing, the PCRA court granted Attorney Pulizzi's motion to withdraw on April 6, 2023.[2]

On May 17, 2023, the PCRA court appointed Bonnie-Ann Brill Keagy, Esquire ("Attorney Keagy") to represent Appellant. On October 18, 2023, Attorney Keagy filed a petition to withdraw along with a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1998).

On January 16, 2024, the PCRA court issued a supplemental Rule 907 notice and memorandum, indicating that it intended to dismiss the petition without a hearing. On the same date, the PCRA court entered an order granting Attorney Keagy's petition to withdraw.

On February 8, 2024, Appellant filed a *pro se* response to the Rule 907 notice and Attorney Keagy's petition to withdraw. Appellant asserted that Attorney Keagy should not have been allowed to withdraw as her no-merit brief did not contain analysis of Appellant's claim raised in his December 23,

---

[2] After allowing Attorney Pulizzi to withdraw, the PCRA court attempted to appoint another counsel, but this attorney immediately sought to withdraw, citing a conflict of interest.

2022 memorandum in which he argued that trial counsel was ineffective for failing to challenge the admission of victim's allegations of prior abuse in Philadelphia County or failing to request a limiting instruction on this basis.

On February 13, 2024, the PCRA court entered a final order dismissing Appellant's second amended PCRA petition. The PCRA court suggested that it did not have to review any of the *pro se* claims raised in Appellant's subsequent filings as the PCRA court had not granted Appellant's *pro se* October 7, 2022 request for permission to file a third supplemental petition. and Appellant had never filed a third supplemental petition, but merely a "memorandum." Thereafter, the PCRA court concluded that Attorney Keagy's no-merit letter addressing the issues raised in Appellant's original petition, amended petition, and second amended petition met the requirements contained in **Turner** and **Finley**.

Appellant filed a timely *pro se* appeal. In his Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant argued, *inter alia*, that he had been denied effective assistance of counsel on collateral review and Atty. Keagy should not have been allowed to withdraw without addressing all the issues Appellant wished to raise on collateral review. In its responsive opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court made its own analysis of Appellant's desired ineffectiveness claim regarding the prior bad act evidence while at the same time finding Attorney Keagy was not required to analyze this claim in seeking to withdraw her representation.

As a preliminary matter, we must evaluate whether the instant PCRA petition meets the PCRA timeliness requirements. While neither the PCRA court nor the parties contend this petition is untimely, it is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

As noted above, Appellant was originally sentenced on September 1, 2015. On direct appeal, on June 8, 2019, this Court vacated the judgment of sentence classifying Appellant as an SVP and remanded for the trial court to reassess Appellant's registration requirements as a sexual offender pursuant to this Court's decision in **Butler** which was controlling law at that time. However, the Supreme Court reversed this Court's decision in **Butler**, Appellant was resentenced and reclassified as an SVP on December 16, 2020. Accordingly, for the purpose of the PCRA, Appellant's judgment of sentence became final thirty days later on January 15, 2021, upon the expiration of the time period for Appellant to file a petition for allowance of appeal with the Supreme Court. As such, Appellant had until January 15, 2022 to file a timely

- 7 -

PCRA petition. Appellant timely filed his initial petition on September 24, 2021. Therefore, we may proceed to review the merits of this appeal.

Appellant raises the following issues for review on appeal:

1. Whether the PCRA court abused its discretions [sic] in not requiring court-appointed PCRA counsel to amend No-Merit letter to reflect all ch[a]llenged issues; i.e., prior-bad-act information admittance?

2. Whether the prior-bad-act information was erroneously admitted, and was sufficient to deprive due process clause of the Unit[]ed States Constitution?

3. Whether trial counsel was constitutionally ineffective for not object[ing] to the jury change [sic], and failing to request a specific prior-bad-act relevance and its use limitation inst[r]uction?

4. Whether, and if so to what extent was accused deprived entirely of the right of direct appeal by counsel's failure to perfect the direct appeal; and if accused is entitled to a reinstatement of his direct appeal right, non pro tunc [sic]?

5. Whether an award of a new trial could remedy the absence of a jury charge on the admittance; and limited purpose for the use, or the prior-bad-act information?

Appellant's Brief, at 6.[3]

---

[3] We initially note that Appellant's brief fails to comply with our rules of appellate procedure. Although Appellant's statement of the questions presented raises the aforementioned five issues, the argument section of his appellate brief contains a mixed discussion of numerous arguments Appellant wishes to raise. Pa.R.A.P. 2119 ("[t]he argument shall be divided into as many parts as there are questions to be argued"). Although we acknowledge the challenges *pro se* litigants face in representing themselves on appeal, this Court has long recognized that we "must demand that pro se litigants comply substantially with our rules of procedure." ***Commonwealth v. Spuck***, 86 A.3d 870, 874 (Pa.Super. 2014).
*(Footnote Continued Next Page)*

We address the propriety of the PCRA court's denial order as follows:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Miranda*, 317 A.3d 1070, 1075 (Pa.Super. 2024) (quoting *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019)).

Appellant first claims that the PCRA court erred in allowing Attorney Keagy to withdraw when her no-merit letter did not contain any analysis of Appellant's claim that trial counsel was ineffective in failing to challenge the admissibility of prior bad act evidence of the victim's allegations of Appellant's prior sexual abuse in Philadelphia County or in the alternative, seeking a limiting instruction on this basis.

Our review in this case involves Appellant's first PCRA petition. It is well-established that "[d]efendants have a general rule-based right to the assistance of counsel for their first PCRA Petition." *Commonwealth v. Cherry*, 155 A.3d 1080, 1082 (Pa.Super. 2017) (citing Pa.R.Crim.P. 904(C); *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa.Super. 2009) (*en*

---

Nevertheless, as we can discern Appellant's claims for relief, we will not quash the appeal and will limit our discussion to the claims set forth in Appellant's statement of questions involved. *See* Pa.R.A.P. 2116(a) ("[n]o question will be considered unless it is stated in the statement of questions involved or fairly suggested thereby").

- 9 -

*banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process[ ]")). Further, we note that "[t]he indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Cherry*, 155 A.3d at 1082 (citation omitted).

> Moreover:
>
> [i]f PCRA counsel seeks to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed pro se or with a privately retained attorney. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. ***Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.***

*Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa.Super. 2019) (citations omitted) (emphasis added).

This case has a confusing procedural history as Appellant's original petition, amended petition, and second amended petition were filed by Attorney Pulizzi, Appellant's first PCRA counsel who was privately retained. Appellant proceeded to ask for the appointment of alternate counsel or to

proceed *pro se* as he asserted that Attorney Pulizzi refused to raise all the claims that Appellant wished to raise on collateral review. In *pro se* submissions filed on October 7, 2022 and December 23, 2022, Appellant detailed numerous claims that he wished to raise in a supplemental petition, including his claim that trial counsel was ineffective in failing to object to the bad act evidence at issue or to seek an applicable limiting instruction.

As noted above, Attorney Pulizzi was permitted to withdraw as she asserted that the attorney-client relationship had broken down and Appellant had accrued a large legal bill that he had not paid. While Attorney Pulizzi did not file a petition to withdraw and a no-merit brief, she filed reformatted versions of Appellant's *pro se* submissions filed on October 7, 2022 and December 23, 2022. The PCRA court then appointed Attorney Heagy, who filed a petition to withdraw and a no-merit letter that only discussed the issues set forth in Appellant's counseled petition, amended petition, and second amended petition, but not the additional *pro se* claims for which Appellant requested review.

The PCRA court then found Appellant was not entitled to file a third *counseled* supplemental petition through Attorney Pulizzi. We recognize that although Pennsylvania Rule of Criminal Procedure provides that amendments to PCRA petitions are to be "freely allowed to achieve substantial justice," such amendments are "not 'self-authorizing' such that a petitioner may simply 'amend' a petition with a supplemental pleading. Rather, [Rule 905] states that amendment is permitted only be direction or leave of the PCRA court."

*Commonwealth v. Mason*, 634 Pa. 359, 393, 130 A.3d 601, 621 (2015) (quoting *Commonwealth v. Porter,* 613 Pa. 510, 523–24, 35 A.3d 4, 12 (2012); Pa.R.A.P. 905).

However, we point out that in response to the PCRA court's Rule 907 notice of intent to dismiss the counseled petitions without a hearing, Appellant sought permission to proceed *pro* se and amend his petition to raise additional claims. After the PCRA court allowed Attorney Pulizzi to withdraw as she was not being compensated as retained counsel and deemed Attorney Heagy to be appointed counsel, the PCRA court should only have allowed Attorney Heagy to withdraw under **Turner-Finley** only if she adequately discussed whether there was any merit to the issues that Appellant had sought to include in an amended petition.

We find that Attorney Heagy's no-merit letter was deficient as it failed to list or discuss whether there was any merit to the claims Appellant raised in his *pro se* October 7, 2022 motion seeking permission to submit a supplemental PCRA petition or his *pro se* December 23, 2022 "Memorandum of Law Supporting Petition for Post Conviction Relief." Specifically, Attorney Heagy did not evaluate whether there was any merit to the particular issue Appellant raises on appeal: whether trial counsel was ineffective in failing to object to the admission of prior bad act evidence or seek an applicable limiting instruction.

After this appeal had been filed, the PCRA court went beyond Attorney Heagy's inadequate no-merit letter to conduct an independent review of

Appellant's *pro se* ineffectiveness claim and concluded that it was meritless and could be dismissed without a hearing.[4]   However, the PCRA court's decision to allow Attorney Heagy to withdraw without requiring her to analyze all the issues Appellant wished to raise in a PCRA petition resulted in the denial of assistance of counsel.

Because Appellant did not waive his right to counsel and Atty Keagy neither represented Appellant on the merits of the PCRA petition nor filed a sufficient no-merit letter that addressed all of Appellant's claims, we vacate the PCRA court's dismissal of Appellant's PCRA petition and remand for appointment of new PCRA counsel. **Cherry**, 155 A.3d at 1083.  On remand, Appellant's new counsel may file an amended PCRA petition or, if counsel finds that Appellant's issues raised in the PCRA proceeding are meritless, counsel may file a petition to withdraw along with an adequate no-merit letter that addresses the issues Appellant raised in his *pro se* submissions.  **Id**.

---

[4] We observe that the PCRA court concluded there was no merit to Appellant's claim that trial counsel was ineffective in failing to object to the admission of the prior bad act evidence of the victim's allegations of Appellant's prior sexual abuse in Philadelphia County.  While the PCRA court acknowledged that there was arguable merit to Appellant's claim that trial counsel was ineffective in failing to request a limiting instruction on this basis, it suggested that trial counsel had a reasonable basis for doing so despite the fact that it had declined to hold an evidentiary hearing on Appellant's petition.  We note that this Court has expressed a preference for an evidentiary hearing on counsel's strategy before a PCRA court determines that counsel lacked a reasonable basis for his or her actions or inactions. **Commonwealth v. Cousar**, 638 Pa. 171, 191, 154 A.3d 287, 299 (2017) (citations omitted).

Order vacated. Case remanded with instructions to appoint new PCRA counsel.

Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/15/2025